489 So.2d 1182 (1986)
Joseph BARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2139.
District Court of Appeal of Florida, Second District.
May 28, 1986.
Ronald W. Black, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Acting Chief Judge.
Appellant, Joseph Barnes, seeks review of an order requiring him to make restitution in the amount of $597,778.24 as a condition of probation. We find that the trial court erred in determining the amount of restitution and therefore reverse.
The charges against appellant arose out of the administration of a food distribution program. It appears that the Florida Department of Health and Rehabilitative Services established a food distribution office to administer the distribution of food donated by the United States Government. The Department entered into an agreement with an organization known as Trilby Manor Civic Association (Trilby Manor) for the purpose of distributing the food in a particular area. Appellant, who served as executive director of Trilby Manor, also entered into a contract with the Department. By the terms of this agreement, appellant was responsible for the food commodities sent to Trilby Manor for distribution. An audit of the program revealed that food was not being properly distributed under established guidelines and that a loss of $597,778.24 had resulted.
Appellant was charged by thirteen informations with thirteen counts of grand theft of food commodities in an amount more than $100.[1] Each information specifically identified the individuals who had received the food from appellant. One of the charges was subsequently dismissed because a material witness was unavailable. Pursuant to plea negotiations with the state, appellant pled nolo contendere to the remaining twelve charges. The state presented a factual basis for the charges contained in all of the informations and stated with particularity the person in each instance who had received the improperly distributed food. Appellant agreed to make restitution in connection with each of the twelve charges. The trial court accepted appellant's plea and ordered a presentence investigation.
*1183 At a hearing to determine the amount of restitution, evidence was presented that an audit revealed shortages of $520,190.10 in Trilby Manor's butter-and-cheese program and $77,588.14 in the soup-kitchen program. The auditor testified that he had no idea where the food had gone or how much of it had been given to the individuals listed in the twelve informations to which appellant had entered a plea. A deputy from the Pasco County Sheriff's office testified that charges were filed against appellant only where it could be shown that a person had actually received stolen food worth more than $100 through him. In other situations where appellant had given food or had directed others to give food valued less than $100, charges were not filed.
At the conclusion of the restitution hearing, appellant was sentenced on each of the charges to a five-year term of probation. Nine of the sentences were to be served concurrently and three were to be served consecutively to each other and to the first nine. As a special condition of probation, appellant was ordered to pay restitution in the amount of $597,778.24. He was required to make minimum monthly payments of $1000 and to pay the balance within nineteen years. Appellant immediately filed a motion to correct sentence, and upon denial of the motion, filed a timely notice of appeal.
We agree with appellant's contention that the trial court erred in ordering restitution for improperly-distributed food products other than those distributed to the individuals named in the informations filed against him.
A probationer may be ordered to make reparation or restitution to an aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court. § 948.03(1)(e), Fla. Stat. (1983). The probationer may not be required to make restitution, however, for unrelated offenses for which he has not been convicted, unless he acknowledges his responsibility for those offenses as a part of a plea bargain and agrees to make restitution for them. Crowder v. State, 334 So.2d 819 (Fla. 4th DCA 1976), cert. denied, 342 So.2d 1101 (Fla. 1977). In this case appellant agreed to make restitution only for the offenses to which he had entered a plea. He was neither charged with, nor convicted of, the theft or unlawful distribution of food commodities to anyone other than those specifically named in the informations filed against him. He cannot, therefore, be required to make payments to the victim in excess of the amount of damages caused by the criminal conduct alleged in the twelve informations. Fresneda v. State, 347 So.2d 1021 (Fla. 1977).
It is true that the words "caused by his offense" contained in section 948.03(1)(e) do not mean that, in order to support a restitution order, the offense charged must describe the damage caused, but mean that the damage must bear a significant relationship to the crime charged. J.H.S. v. State, 472 So.2d 737 (Fla. 1985). The acts appellant was charged with committing, i.e., twelve instances of theft of food in an amount greater than $100, cannot account for all of the money lost by the food commodities program and did not necessarily cause the program to sustain all of those damages. Therefore, the entire amount of damage charged by the state did not bear a significant relationship to the crimes charged in the informations. See J.H.S.; Roberts v. State, 467 So.2d 439 (Fla. 5th DCA 1985). The fact that the losses were all sustained by the same victim does not change the result. See Fresneda; Diorio v. State, 359 So.2d 45 (Fla.2d DCA 1978); Hamm v. State, 403 So.2d 1155 (Fla. 1st DCA 1981).
We, accordingly, grant the appellant's request that this matter be remanded for a new hearing. At that time the court may order appellant to make restitution in an amount that can be proven to have been caused by improper distribution of food products to the persons named in the twelve informations.
Reversed and remanded for proceedings consistent herewith.
FRANK and SANDERLIN, JJ., concur.
NOTES
[1] We note that for restitution purposes the state claims that appellant's criminal conduct was, in effect, one act, i.e., the breach of his contract, and that all damages sustained as a result of the breach should therefore be aggregated in determining the amount of restitution. In charging appellant, however, the state took the position that thirteen separate offenses existed. By proceeding in this manner, appellant was subjected to a total of sixty-five years in state prison and a $65,000 fine. If the state had charged appellant consistent with its position that his conduct was, in effect, a single act, appellant would have been charged with one felony and subjected to a total sentence of fifteen years in prison and a $10,000 fine.