726 So.2d 353 (1999)
Adrian Michael KERN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2433
District Court of Appeal of Florida, Fifth District.
January 29, 1999.
James B. Gibson, Public Defender, and Andrea J. Surette, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Simone P. Firley, Assistant Attorney General, Daytona Beach, for Appellee.
*354 THOMPSON, J.
Adrian Michael Kern timely appeals his convictions and sentences for leaving the scene of an accident involving injury and driving under the influence. As part of the disposition, the trial court set a restitution hearing and ordered restitution after Kern had filed his notice of appeal. We affirm the convictions and sentences, but reverse the restitution order and remand for a restitution hearing because the trial court did not have jurisdiction.
Kern entered a plea of nolo contendere to the two charges. He was adjudicated guilty and sentenced on 12 August 1997 to three years probation. As part of the plea agreement, Kern agreed to pay restitution in the amounts of $1,230 for the victim's medical expenses and $1,500 for his lost wages. The restitution order stated, "Jurisdiction reserved for further restitution hearing to be scheduled." The state filed a motion for additional restitution seeking an order for $6,000 for the value of the victim's car, $1,260 for storage fees, and $197 for towing. Kern's notice of appeal was filed on 3 September 1997 and the trial court conducted the restitution hearing on 8 September 1997.
The trial court had no jurisdiction to conduct a restitution hearing or enter restitution orders after Kern filed a notice of appeal, even though the court previously ordered restitution and properly reserved jurisdiction to hold a restitution hearing. Pearson v. State, 686 So.2d 721 (Fla. 2d DCA 1997); Nguyen v. State, 655 So.2d 1249 (Fla. 1st DCA 1995). The orders are therefore reversed and upon remand, if the trial court desires to impose additional restitution, it must conduct another hearing. In addition to the pre-crash value of the car, the state must present testimony of the car's salvage value. Bowman v. State, 698 So.2d 615 (Fla. 2d DCA 1997).
AFFIRMED in part; REVERSED and REMANDED.
W. SHARP, and PETERSON, JJ., concur.