766 So.2d 257 (2000)
Paul J. CRAIG, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-3735.
District Court of Appeal of Florida, Fourth District.
February 9, 2000.
*258 Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and M. Rebecca Springer, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Craig's conviction and sentence, but reverse the order of restitution. Craig was convicted of two DUI with property damage counts and acquitted on one count of leaving the scene.
Craig asserts that the trial court erred in denying his motion to strike the jury panel due to a prejudicial comment by a juror. After the jury was sworn, one of the jurors, Torres, advised the trial judge and the parties that prior to the conclusion of voir dire, he overheard juror Delgado comment to some of the other venire persons that the defendant looked like an axe murderer, leading Torres to question whether Delgado could be unbiased.
One of the panel members, juror Greenspan, was identified as being present at the time of the comment. The trial judge agreed to excuse Delgado. While the parties were considering how to seat an alternate, Craig's counsel expressed concern that other jurors may have heard the offending remark.
Greenspan was brought in for questioning about the incident. She was asked if she had heard any reference made about the defendant by one of the jurors, and she apparently did not hear the comment made by Delgado.
The court found Greenspan to be credible when she said she heard nothing, and the court offered to bring in each juror individually to question them to be sure they heard nothing. Craig's attorney determined not to do so, stating that he did not want to muddy the waters and agreed that he had no reason to disbelieve juror Greenspan. The trial court concluded that Greenspan must not have been listening at the time of the offending comment and again found her to be credible. The court repeated its offer to inquire of each juror separately and defense counsel again declined, asserting that the panel should be stricken. The trial judge stated that the court had only heard suspicions thus far and had heard nothing concrete or definite. The court also denied a mistrial motion.
The next day, defense counsel renewed his motion for mistrial because of the fact that Torres had heard the comments and was still a member of the panel. The trial *259 judge offered to bring Torres in to find out if the comment would affect his verdict; however, defense counsel declined. The court again offered to allow the defense to question each juror on the issue and counsel again declined.
The trial judge stated that he believed Torres would not be prejudiced as Torres had brought the comment to the attention of the court and obviously demonstrated that he thought the comment to be "ridiculous and unfair." Defense counsel agreed that Torres was forthright and believed the comment was not fair.
Trial court discretion in ruling on motions for mistrial where jurors have been exposed to outside comments about a defendant or similar offensive references to the case or a party should not be disturbed absent an abuse of discretion. See, e.g., Street v. State, 636 So.2d 1297 (Fla.1994)(jurors in hallway who heard passerby say "guilty" denied that it would affect their ability to be fair and impartial; other jurors denied knowledge of incident); Occhicone v. State, 570 So.2d 902 (Fla.1990)(spectator told a prospective juror that she thought the defendant was guilty but the trial court found that the jury pool had not been tainted); Scull v. State, 533 So.2d 1137 (Fla.1988)(victim's mother embraced jury foreman who was dismissed; incident witnessed by several jurors who stated they would not be influenced). Accord United States v. Hernandez, 84 F.3d 931, 936 (7th Cir.1996)(where jurors exposed during voir dire to explicit comments regarding justice system's inability to apprehend and punish offenders, held: "Absent any reasons beyond speculation to suspect as untrue the jurors claims of ability to remain impartial despite exposure to improper ... comment, the court should credit those responses.")(quoting United States v. Moutry, 46 F.3d 598, 603 (7th Cir.1995)). See also Brower v. State, 727 So.2d 1026 (Fla. 4th DCA 1999).
Here, the court excused the juror who had made the offending remark. The only other juror who had heard the remark was clearly unbiased, as admitted by defense counsel; the one juror who had supposedly been present at the time of the conversation denied hearing the comment. Furthermore, defense counsel refused all invitations by the court to determine whether any jurors were infected by the comment. Concluding that Craig has not shown an abuse of discretion, we affirm his judgment and sentence.
We reverse the restitution order because, as the state concedes, the trial court lacked jurisdiction to conduct a restitution hearing and enter an order setting the amount of restitution after Craig filed his notice of appeal. See, e.g., Kern v. State, 726 So.2d 353 (Fla. 5th DCA 1999). On remand, the trial court may impose restitution after a new hearing to determine same.
POLEN and GROSS, JJ., concur.