803 So.2d 906 (2002)
Michael MARRO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-320.
District Court of Appeal of Florida, Fourth District.
January 9, 2002.
Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Christine D. Coughlin, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Michael Marro, appeals his conviction and sentence on the charge of aggravated battery. We affirm appellant's conviction. However, we hold that the trial court was without jurisdiction to enter an order of restitution after appellant's notice of appeal had been filed. Thus, we reverse and remand.
Appellant was found guilty of aggravated battery as charged in the information following a jury trial. On January 23, 2001, appellant was sentenced to six years in prison, followed by nine years probation with restitution ordered as a special condition of probation with the amount reserved so the state could get the accurate figures for restitution. Prior to the conclusion of the sentencing hearing, defense counsel notified the court that he had an original notice of appeal which was going to be filed at the conclusion of the hearing, and which was in fact filed at that time.
On February 27, 2001, the court ordered appellant to pay restitution to the Office of the State Attorney the amount of $337.50, to the victim the amount of $190.00, and to the Office of the Attorney General the amount of $15,000.00.
On appeal, appellant claims that the court erred in entering restitution on February 27, 2001, on the grounds that the trial court was without jurisdiction to enter such order after appellant had filed his notice of appeal. We agree.
In K.D. v. State, 779 So.2d 468 (Fla. 2d DCA 2000), a child was adjudicated delinquent and he filed a notice of appeal on July 13, 1999. Although divested of jurisdiction, the juvenile court entered an order of restitution on August 6, 1999, which was rendered on November 23, 1999. In reversing *907 and remanding, the second district held:
A trial court does not have jurisdiction to hold a restitution hearing or enter an order of restitution after a notice of appeal has been filed. See Edwards v. State, 734 So.2d 1130 (Fla. 2d DCA 1999); Colson v. State, 711 So.2d 604 (Fla. 2d DCA 1998). Therefore, we strike the order of restitution. However, because the trial court reserved jurisdiction to hold a restitution hearing, restitution may be reimposed on remand. See Marinelli v. State, 706 So.2d 1374 (Fla. 2d DCA 1998).
Id. at 468.
In Craig v. State, 766 So.2d 257, 258 (Fla. 4th DCA 2000), this court reversed a restitution order because the trial court lacked jurisdiction to conduct a restitution hearing and enter an order setting the amount of restitution after the notice of appeal had been filed. However, on remand, the trial court may impose restitution after a new hearing to determine the same. See id.; see also Kern v. State, 726 So.2d 353, 354 (Fla. 5th DCA 1999)(trial court did not have jurisdiction to conduct restitution hearing or to enter restitution order after appellant filed his notice of appeal, even though trial court previously ordered restitution and properly reserved jurisdiction to hold a restitution hearing).
While the state does not concede error, it acknowledges that pursuant to K.D. and Craig, "the trial court in the instant case may have indeed lost jurisdiction to impose restitution after appellant filed his notice of appeal," despite the fact jurisdiction was reserved to determine the amount.
Based on the foregoing, we reverse the restitution order. On remand, the trial court may impose restitution following a new hearing to determine the amount.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
POLEN, C.J., and KLEIN, J., concur.