ORFINGER, J.
Edward M. Hollins petitions for a belated appeal of a restitution order entered against him while his judgment and sentence was on direct appeal. In its response, the State properly concedes that the trial court was without jurisdiction to enter the restitution order because of the pending appeal. See Queen v. State, 832 So.2d 956, 958 (Fla. 5th DCA 2002) (citing Marro v. State, 803 So.2d 906 (Fla. 4th DCA 2002); Kern v. State, 726 So.2d 353 (Fla. 5th DCA 1999)).
Restitution is a mandated part of sentencing and must be imposed at the time of sentencing or within sixty days thereafter. State v. Sanderson, 625 So.2d 471, 473 (Fla.1993). If the court orders restitution at sentencing, or within sixty days thereafter, the court has the authority to reserve jurisdiction to determine the amount of restitution beyond the sixty-day period. State v. Hiscox, 677 So.2d 862 (Fla. 2d DCA 1996). In the instant case, while the court properly reserved jurisdiction at sentencing to impose restitution, the trial court was divested of jurisdiction to do so while Hollins’s direct appeal was pending. As a result, the restitution order entered against Hollins on July 8, 2003, is a nullity. Consequently, Hollins has no need for a belated appeal.
PETITION FOR BELATED APPEAL DENIED.
SHARP, W., J., concurs.
PETERSON, J., concurs with result only.