923 So.2d 612 (2006)
Darrell R. GILILEO, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2959.
District Court of Appeal of Florida, Second District.
March 29, 2006.
*613 Victor R. Smith of The Smith Law Group, P.A., Lake Alfred, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
FUENTE, WILLIAM, Associate Judge.
Darrell Gilileo pleaded nolo contendere to stealing an airplane engine sometime between February 2003 and May 2004. He challenges the trial court's final judgment ordering him to pay $30,000 in restitution to the owner of the engine. We reverse and remand for further proceedings because the trial court erred in its determination of the restitution amount.

Facts and procedural history
Gilileo was charged with one count each of grand theft and possession of an engine without its identification number. The charges stemmed from Gilileo's alleged theft of a small-airplane engine, which was then converted for use on an airboat. The converted engine was recovered and returned to its owner. Gilileo pleaded no contest to the charges in exchange for thirty-six months of probation and restitution capped at $30,000, payable to the owner.
At the plea and disposition hearing the court heard testimony from the owner, who stated that the engine was worth $30,000 at the time of the theft. The owner had customized the engine with a fuel pump and other equipment. The recovered engine had had some of the customizations removed, and the casing had been redrilled for a different engine mount. The owner stated that as a result of the redrilling, she would not be able to sell the engine for a "certificated" plane such as a Cessna; however, it could be used in "air craft." When asked how much it would "take to replace [the] parts and to get [the engine] back up to the condition it was in prior to being stolen," the owner replied that the cost would be about $3000, exclusive of "all the time I done on repairs and everything else."[1]
The court adjudicated Gilileo guilty, placed him on thirty-six months of probation, and set restitution at $30,000. Gilileo's counsel disputed the restitution award on the grounds that the engine had been returned to the owner and that she had testified that repairing it would cost $3000. The court replied:
The Court's finding is that in fact [the owner's] damages exceed $30,000.00 and the value of the engine, even though she's . . . retrieved the engine. The engine is not like it was before. And, the engine has been tampered with. It has been damaged. It can't be sold. So, she is out that amount of money. So, I set the amount of the damages at $30,000.00. . . .

Discussion
An appellate court reviews orders of restitution for abuse of discretion. *614 Koile v. State, 902 So.2d 822, 824 (Fla. 5th DCA 2005). Unless "clear and compelling reasons" dictate otherwise, the trial court is required to order restitution to crime victims for "[d]amage or loss caused directly or indirectly by the defendant's offense." § 775.089(1)(a)(1), Fla. Stat. (2004). "The burden of proving the amount of restitution is on the State, and the amount must be proved by a preponderance of the evidence. Restitution must be proved by substantial competent evidence." Koile, 902 So.2d at 824 (citations omitted); see also § 775.089(7). However, the restitution amount may not exceed the damage the criminal conduct caused the victim. Morel v. State, 547 So.2d 341, 342 (Fla. 2d DCA 1989) (citing Fresneda v. State, 347 So.2d 1021 (Fla.1977)).
The issue is whether the $30,000 restitution figure imposed by the trial court was an abuse of discretion. We conclude that it was. At least two aspects of the court's finding, cited above, are not supported by the evidence. The court found that the owner's damages "exceed $30,000.00," but there is nothing in the record to indicate that the court calculated a restitution value greater than $30,000, and there is no evidence in the record to support this amount. The court also stated that the engine "can't be sold," but the owner testified that although the engine could not be sold for a "certificated" plane, it could be used in "air craft"the implication being that it could be sold for a purpose less than its intended use. The owner further testified that the engine could be restored for about $3000, exclusive of labor time.
Under the trial court's restitution order, the owner would ultimately have $30,000 in cash and an engine that could either be used after some repairs were made or sold as is. She would end up with the equivalent of more than $30,000, the pretheft value of the engine. This would violate the principle that the restitution amount cannot exceed the damage the criminal conduct caused the victim. Id. On remand, the trial court will need to determine the restitution amount.
Before doing so, the court will need to decide upon the most appropriate method of calculating the award. The fair market value (FMV) of the property at the time of the offense is, as a general rule, the appropriate measure of the victim's loss, K.F. v. State, 746 So.2d 493, 494 (Fla. 1st DCA 1999). However, Gilileo argues, and the State concedes, that if FMV is the basis of the award, the salvage value of the engine must be deducted from the engine's $30,000 value because the engine had been returned to the victim, albeit in altered form. See Bowman v. State, 698 So.2d 615, 616 (Fla. 2d DCA 1997). The burden of proving salvage value is on the State. Kern v. State, 726 So.2d 353, 354 (Fla. 5th DCA 1999).
An alternative measure of restitution when stolen items are damaged and then returned is cost of repair. See, e.g., Williams v. State, 850 So.2d 627 (Fla. 2d DCA 2003). Use of this measure would require the trial court to determine that the airplane engine can in fact be restored to its pretheft state.
Because the trial court's restitution award was not based on competent evidence, we reverse for the court to determine the appropriate method of calculating restitution under the circumstances of this case and to ascertain the restitution amount.
Reversed and remanded for further proceedings.
FULMER, C.J., and DAVIS, J., Concur.
NOTES
[1] It is not clear from the hearing transcript whether the engine could actually be restored to its pretheft condition, given the redrilling described by the owner. It was the prosecutor, not the owner, who used the phrase "get [the engine] back up to the condition it was in prior to being stolen."