GREEN, J.
(dissenting).
In this case the State Attorney, on behalf of the victim, CVS Pharmacy, .claimed *220 and sought additional restitution from defendant, Manuel Castro, above and beyond the value of the undamaged merchandise confiscated from him at the time of his arrest. Neither the victim nor the State was able to substantiate the claimed amounts with any evidence despite having-several opportunities to do so. In the absence of any such evidence, the trial court denied restitution pursuant to section 775.089(7), Florida Statutes (2006). The court specifically found that the victim’s claimed additional loss was “neither established, reasonable or credible but rather was inflated, and probably perjurious.”
As I see it, these stated reasons are the most “clear and compelling” reasons for a trial court not to award a request for restitution. § 775.089(l)(a), Fla. Stat. (2006). The Florida legislature certainly never intended for a crime victim to receive an unsubstantiated or unjustified windfall under the guise of restitution. Thus, for the following reasons, I cannot join the majority’s characterization or legal analysis of this case.
I
The facts and proceedings here are straightforward. Manuel Castro was employed as the assistant store supervisor at the victim store, CVS Pharmacy, in Hialeah, Florida. The CVS Loss Prevention Specialist, Patrick Fairley, placed this store under surveillance after receiving an anonymous tip that there was possible theft at the store. On the date in question, Fairley observed Castro leaving the store carrying a grey plastic container with the lid halfway open. Fairley noticed that the container had numerous bottles of men’s colognes. Castro placed the grey container in his car. Fairley called the police.
When the police arrived, they confronted Castro and he consented to a search of his car. The grey container of cologne was found in Castro’s car. Fairley positively identified it as property belonging to CVS. Castro was arrested. The merchandise was then inventoried by Fairley and returned to the store. The value of this merchandise was declared to be approximately $2,400 by Fairley.
On March 30, 2006, the State filed a one count information against Castro charging him with third degree grand theft for stealing merchandise with a value of more than $300 and less than $5,000. After two preliminary hearings, this case was set for a hearing on June 5, 2006, purportedly for the State to amend the information. The State, however, did not amend its information to charge second degree grand theft nor did it advise the Court that it would do so in the future.[3] The defense, however, *221 announced that the State did not need to amend its information and that Castro was willing to accept the State’s plea offer of a withhold of adjudication, and probation with restitution, based upon a correct determination of the restitution amount.
The court reset this case for hearing in two weeks, on June 19, 2006, for the parties to resolve the issue of the restitution amount.[4] At that hearing, the State still did not have any documentation or other evidence from CVS to substantiate its additional claim of loss. Castro disputed the amount of the claimed losses and requested the Court to reset the case for however long the State needed to secure the supporting documents from CVS Pharmacy.[5] The trial court reset this matter for July 10, 2006, for a plea and final determination of the restitution amount. • The Court instructed the parties to come to court clear on the issue of restitution at the July 10th hearing as there would be no further continuances.
Three weeks later, at the July 10 plea and restitution hearing, the State still did not provide any documentation or other evidence from CVS in support of its claimed additional losses. Fairley did not appear. In fact, no CVS representative appeared at this hearing. The defense advised the trial court that Castro had always stood prepared to accept the State’s offer of probation with restitution, but he disputed the amount of the claimed restitution in this case.[6]
In response, the State announced that Fairley never returned any of the State’s repeated telephone calls requesting documentation in support of its additional restitution claim. It was within this context that the trial court denied the State’s request for additional restitution and accepted Castro’s plea of probation. The following exchange occurred:
[State Attorney]: I made three phone calls to the victim Patrick Fairley [phonetic] in this matter. Since that time he hasn’t returned any of my calls. I haven’t been able to obtain any further documentation from him why the amount is what it is. I left a detailed message of what I was asking for and, you know.
*222 [The Court]: He never responded?
[State Attorney]: Never responded.
[The Court]: Then he doesn’t care. I’ll accept probation and no restitution. Swear him in.
[State Attorney]: We would be objecting to that. We would ask it be explored, have a restitution hearing at least.
[The Court]: Your objection is noted. The victim had the opportunity to respond and he didn’t.
[State Attorney]: He responded three times before when calling him, its not that he’s been totally non-responsive. He gave the initial amount, wanted to investigate the amount, since that time he hasn’t responded. I don’t know why he hasn’t called me back. At this time he could be out of the country for all I know.
[The Court]: $2400 for cologne.
[State Attorney]: That was the initial figure, then after subsequent investigation it came to a figure of $9,700.
[Trial Court]: How Much?
[State Attorney]: $9,700, because it was apparently it was originally about 12,000 and then 3,000 of that was recovered, which was coming up with the 9,000 figure. There’s been previous calls a hundred occasions on this, [sic] Recently I haven’t been able to call him. I don’t know if he’s not available or what the deal is. He’s had previous contact. I can’t say that of the record — he hasn’t been silent on the issue, its just recently he’s been silent on the issue.
[Defense Counsel]: Judge, just so you know where we came from on this. He was caught taking some stuff from his place of work and I as his attorney based on what he’s told me it seems like they found other things missing and may have dumped it all on him. I see that with other employers, I am not accusing them of anything, I just wanted to make sure that did not happen either. [The Court]: Was he caught with some cologne?
[Defense Counsel]: Right
[The Court]: $9700 worth? That would keep me in cologne for the next 1,000 years.
[State Attorney]: This was an ongoing problem. I don’t know how long he was 'doing this.
[The Court]: Swear him in
The trial court accepted Castro’s plea to two-years reporting probation with the special condition that he attend a “Values Course.” The trial court then entered its written order denying the State’s request for restitution. The trial court specifically stated in its written order that restitution was denied “since the allegation of loss was neither established, reasonable, nor credible, but rather was inflated, and probably perjurious.” The State appealed.
II
On this appeal, the State first argues that the trial courts had a mandatory obligation to include restitution as part of the criminal sentence in this case and that the trial court failed to justify its denial of restitution with clear and compelling reasons. The State next argues that the trial court prevented the victim from being heard on its claim for additional restitution. Contrary to the majority’s holding, the State’s first argument is without merit as a matter of established law and its second argument is factually belied by the record before us.
As a threshold matter, the prerequisite to the recovery of any restitution is that the victim’s claimed damages or losses be causally connected and bear a significant relationship to the defendant’s offense and that the damages or losses be related to *223 the defendant’s criminal episode.[7] Schuette v. State, 822 So.2d 1275 (Fla. 2002); Glaubius v. State, 688 So.2d 913, 915 (Fla.1997) (“court must find that the loss or damage is causally connected to the offense and bears a significant relationship to the offense.” (emphasis added)). Absent an agreement, a defendant may not be required to pay restitution for unrelated offenses for which s/he has not been charged or convicted. Strickland v. State, 685 So.2d 1365 (Fla. 2d DCA 1996); Barnes v. State, 489 So.2d 1182 (Fla. 2d DCA 1986) (a defendant can’t.be ordered to pay restitution for uncharged offenses). Thus, in this case, there must be proof initially that the cause of the victim’s claimed losses was the theft for .which Castro was charged in the information since Castro has never agreed to pay restitution for any other unrelated thefts at this store at other times. See Strickland. In Strickland the court ordered the defendant to pay as restitution the entire shortfall suffered by the victim’s business. This award was reversed because there was no evidence demonstrating that the entire amount of the loss was caused by the conduct for which the defendant was convicted. “[T]he restitution amount may not exceed the damage the criminal conduct caused the victim.” Gilileo v. State, 923 So.2d 612, 614 (Fla. 2d DCA 2006).
In this case,- the threshold prerequisite cannot be met. The record before us un-disputedly reveals that the stolen cologne was immediately seized from the defendant’s car and returned to the store upon Castro’s arrest. The victim has never claimed that any of the merchandise stolen by Castro on the date in question was not accounted for.[8] Nor has the victim ever claimed that the recovered merchandise, which was immediately inventoried by the store’s loss prevention specialist, was damaged in any way on the date in question. These undisputed'facts alone support the trial court’s denial of restitution. See Thomas v. State, 899 So.2d 1279 (Fla. 2d DCA 2005) (defendant only liable for restitution for unrecovered items); Chapman v. State, 733 So.2d 1055 (Fla. 2d DCA 1999) (defendant not liable for restitution of stolen property found and recovered on defendant’s person upon arrest); Bowman v. State, 698 So.2d 615 (Fla. 2d DCA 1997) (defendant only responsible for value of property recovered as offset by property’s salvage value). Any other conclusion would permit the victim to recover its property, plus the cost thereof — an impermissible double recovery. See Kirby v. State, 863 So.2d 238 (Fla.2003). See also Maurer v. State, 939 So.2d 234 (Fla. 5th DCA 2006) (defendant can’t be ordered to pay restitution in excess of victim’s damages)(defendant not responsible for cost of items as restitution if items can be recovered).
This case is factually similar to Barnes, where the defendant was ordered to pay restitution for all of the shortages sustained by the victim — regardless of the fact that they were not related to Barnes’ charged offenses. The Second District correctly reversed that restitution order because the “damage must bear a significant relationship to the crime charged.” Barnes, 489 So.2d at 1183. The fact that the same victim sustained all of the losses does not alter this result. Barnes. Like *224 Barnes, the record before ns indicates that there certainly may have been an ongoing theft problem at this particular CVS pharmacy. Absent his agreement to the contrary, however, Castro is only responsible for the store’s losses attributable to his charged March 30 theft.[9]
Notwithstanding the foregoing, and the mandatory language of the restitution statutes, an order of restitution must be supported by evidence. The State bears the burden of establishing by a preponderance of the evidence the amount it and/or the victim seeks in. restitution. § 775.089(7), Fla. Stat. (2006); Glaubius, 688 So.2d at 916; Smith v. State, 941 So.2d 479 (Fla. 3d DCA 2006); Gilileo, 923 So.2d 612; Crosby v. State, 637 So.2d 341 (Fla. 2d DCA 1994). Despite three hearings on three separate occasions, neither the State nor the victim came forward with any evidence to support the victim’s claim for additional restitution. In the absence of any such evidence, the trial court properly concluded and stated that the victim’s allegation of loss was not established. Moreover, given the undisputed record fact that all of the merchandise stolen by Castro on the date of the offense was immediately recovered undamaged and returned to the victim, the trial court further properly and insightfully concluded that “any additional claim of losses by the victim were neither reasonable or credible, but rather inflated and probably perjurious.” It is readily apparent that the additional requested restitution was not for the March 30th theft, for which Castro was charged in this case. These are clear, compelling, and commonsensical reasons for denying restitution in this case and are fully supported by the record before us.
The State’s final argument that the victim in this case was somehow deprived of an opportunity to be heard at a restitution hearing is not only fallacious, but does not pass the good faith “wink test” on the record before us. There were at least three noticed hearings over the course of three months scheduled for the purpose of permitting the State to substantiate its restitution request for the victim’s claim of additional losses. Neither the State nor the victim ever stepped forward with supporting documentation at any of those hearings. On the record before us, it certainly cannot be concluded that the trial court’s refusal to continue this matter further at the final hearing on July 10, 2006, constituted an abuse of discretion. Koile v. State, 934 So.2d 1226, 1229 (Fla.2006); White v. State, 817 So.2d 799, 806 (Fla. 2002).
Thus, for all of the foregoing reasons, I believe that the majority’s holding is erroneous as a matter of law and the order entered by the very able, astute and veteran trial judge below should be affirmed.

. The following transpired:
[Court]: Why do I have it set for new Information? Are you amending the Information?
[State]: This was Ms. Bowling’s case. I wasn't aware it was being amended. It is charged as a grand theft third.
[Court]: Let me see the A-form and Information, please, Thelma.
[State]: The restitution amount according to Ms. Bowling is a larger amount that [sic] was originally assessed, that will change it to grand theft second.
[Court]: It is charged as a grand theft third. It is larger than originally thought?
[State]: Yes.
[Court]: She was going to amend it to a grand theft second, is that what it is?
[State]: That is my guess. It looks like she got an amount of 13 thousand 100 hundred [sic].
[Court]: That is still a third, right?
[State]: I’m sorry. I can't read his notes. [Court]: Second doesn't begin until 20 thousand.
[State]: The defense heard, he mentioned 20 thousand.
*221 [Defense]: She said she thought it was around 20, she didn’t know for sure. Did she have a new Information in the file? [Court]: No. I still see the old third degree grand theft Information. Let me have a report and trial date.

.Although the trial court did not utter the words "restitution hearing,” it is clear from the record that the court expected the claimed restitution amount to be established at the next hearing, as that was the sole unresolved issue in this'case.
[State]: If you give us one week.
[Court]: I will reset it one week and we will figure out the amount. It is more than one week because I won’t be back until the 15th. You want to set it June 16th? [Calendar Clerk]: How about the 19th? [Court]: Reset 6-19. Come back on that day, sir. And we will try to get it resolved. [Defendant]: Okay.

. The Defense stated:
[Defense]: Maybe we should pass it for the other prosecutor, the one I talked to about the offer of probation and restitution of $970. My client disputed that amount. He needs to get a little more detail from the victim. I ask to reset it just for how long it takes him [sic] get the documents from the CVS pharmacy.

. [Defense]: Yes, Judge. I don’t know if the State recalls, but we have an offer we are going to be accepting which was probation, but there was a question as to the exact amount of restitution, and I had asked counsel if he can maybe obtain documents of that before he agreed to it by checking with the victim. It seems to be that its twice as much what my client, thought it should be. He’s going to accept probation, restitution, we just want to get a footing on that restitution.

. Similarly, in the probation statute cited by the majority, restitution awarded to the aggrieved party as a condition to probation must be for damage or loss caused by the defendant's offense. See op. at 219.

. Even if the value of the stolen merchandise was greater than $2400, this information would only be relevant to the degree of theft for which Castro was guilty. It would still not entitle CVS to restitution as that merchandise was recovered and returned to the store.

. Castro has only agreed to be responsible for properly documented losses sustained by the store as a result of this theft on March 30th. Indeed, the very reason why he has always insisted upon supporting documentation at the various restitution hearings below was to ensure that he was not being asked to pay for other losses on other occasions at this store.