WARNER, J.
 

 The state appeals a trial court order granting a prisoner’s motion for postcon-viction relief and awarding a new trial on the crime of possession of a firearm by a convicted felon. At the original trial, the trial court instructed the jury to make a finding as to whether the defendant possessed a firearm but did not specifically instruct that the jury must find this element beyond a reasonable doubt. The trial court did give the standard instruction requiring the jury to make all findings beyond a reasonable doubt. In his motion for posteonviction relief, the defendant claimed that his counsel was ineffective for failing to include an instruction on reasonable doubt connected with the instruction on possession. As a consequence, he claimed he was entitled to a new trial. Although the trial court so found, we disagree.
 

 This case is controlled by
 
 Ruger v. State,
 
 941 So.2d 1182 (Fla. 4th DCA 2006). In that case, the defendant was charged with second-degree murder with a weapon, and the instructions required the jury merely to “find” that the appellant used a weapon in order to find him guilty of the charged crime. The defendant argued that the instruction allowed the jury to find him
 
 *449
 
 guilty by applying a burden of proof less than beyond a reasonable doubt. We rejected this contention.
 

 We think this contention of error is mer-itless. The general instruction on reasonable doubt provides, in pertinent part: “The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent. The presumption stays with the defendant as to each
 
 material allegation
 
 in the Information, through each stage of the trial unless it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt.” (Emphasis added). This instruction tells the jury to apply the same burden of proof to all aspects of the case which the state is required to prove. Considering the instructions as a whole, they are
 
 not error,
 
 let alone fundamental error.
 

 Id.
 
 at 1185 (emphasis supplied).
 

 We reach the same conclusion in this case. Counsel was not ineffective because there was no error in the instructions given.
 

 Further, the trial court never determined how the failure to provide the correct instruction constituted prejudice under the standard of
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In fact, the court expressed considerable skepticism that the failure to instruct made any difference at all. This does not show
 
 Strickland
 
 prejudice.
 

 For the foregoing reasons, we reverse the order granting postconviction relief.
 

 STEVENSON and DAMOORGIAN, JJ., concur.