PER CURIAM.
Defendant filed a motion for postconviction relief challenging his conviction for rape, which became final in 1970. The trial court denied the motion as untimely and successive. We affirm.
Defendant’s motion did not present any valid exceptions to the time limitations under the rule. See Fla. R.Crim. P. 3.850(b). Further, Defendant’s motion was successive as the claims could have been raised in one of his previous motions. See Baker v. State, 878 So.2d 1236, 1243-44 (Fla.2004).
Finally, Defendant’s claim alleging deficiency in the charging instrument is frivolous. See Logan v. State, 1 So.3d 1253, 1254 (Fla. 4th DCA 2009). Defendant is cautioned that abusive, repetitive, malicious, and/or other frivolous filing may result in sanctions, such as a bar on pro se filing in this court, and/or referral to prison officials for disciplinary procedures. See § 944.279(1), Fla. Stat. (2012); State v. Spencer, 751 So.2d 47 (Fla.1999).

Affirmed.

STEVENSON, HAZOURI and GERBER, JJ., concur.