DAMOORGIAN, J.
This is an appeal from a summary denial of Damian Tukes’ petition for writ of habe-as corpus challenging his conviction and sentence for robbery with a firearm which became final in 2004. Tukes contends that the standard jury instructions given in his case failed to require his jury to find the firearm element of the charge beyond a reasonable doubt. We affirm.
We first note that the habeas petition is subject to dismissal because the Florida Rules of Criminal Procedure require that all challenges to a criminal defendant’s conviction or sentence shall be made through a Rule 3.800 or Rule 3.850 motion. Bradley v. Tucker, 95 So.3d 212 (Fla.2012) (Table) (citing Baker v. State, 878 So.2d 1236 (Fla.2004)); Childers v. State, 909 So.2d 462 (Fla. 4th DCA 2005). Even assuming Tukes filed his request for relief under the appropriate rule, if construed as a motion for post-conviction relief, the motion is facially untimely as it was filed more than seven years after his conviction and sentence became final in violation of the two-year limitation period prescribed by Rule 3.850(b). Parks v. State, 101 So.3d 1265, 1265 (Fla. 4th DCA 2012).
Finally, the motion was correctly described as successive by the trial court. The ground raised here was available to Tukes from the beginning of his post-conviction filings, which included a motion to correct illegal sentence, a petition for writ of habeas corpus alleging appellate counsel ineffectiveness, a petition for “all writs” jurisdiction in the Florida Supreme Court, a motion for post-conviction relief and a petition for belated appeal from summary denial of that motion. Thus, Tukes’ piecemeal presentation of his claims in various post-conviction proceedings constituted a violation of Rule 3.850(f), and thereby sub *1015 jected the pending filing to dismissal on that basis as well. Jackman v. State, 88 So.3d 325, 327 (Fla. 4th DCA 2012).
In light of Tukes’ history of filing legally frivolous pro se pleadings re-litigating issues that were or could have been presented in his initial direct appeal in this case, we deem this appeal legally frivolous.[1] Accordingly, by separate order, Tukes shall show cause why he should not be barred from filing any further pro se appeals in this court, challenging his conviction or sentence for robbery with a firearm in case number 01-19111 CF10A. See State v. Spencer, 751 So.2d 47, 49 (Fla.1999); § 944.279(1), Fla. Stat. (2012).

Affirmed.

WARNER and POLEN, JJ., concur.

. On the merits, Tukes’ contention that the jury instructions given in his case failed to require his jury to find the firearm element of the charge beyond a reasonable doubt was rejected by this Court in State v. Jacobs, 8 So.3d 448, 449 (Fla. 4th DCA 2009) and Rug-er v. State, 941 So.2d 1182, 1185 (Fla. 4th DCA 2006). The Standard Jury Instruction 3.7 sufficed to inform the jury that a material allegation made in an information must be proven beyond a reasonable doubt.