PER CURIAM.
We consolidate these three cases for resolution by the same panel and for record and opinion purposes. We affirm the trial court’s denial of appellant’s frivolous postconviction challenges and determine that the trial court did not abuse its discretion in imposing sanctions.
In 2007, appellant entered a negotiated no contest plea to various drug offenses in two underlying cases in exchange for an eight-year sentence. Appellant failed to appear at sentencing, and pursuant to the terms of the plea, he was sentenced in absentia to sixty years in prison. He subsequently turned himself in and moved to mitigate his sentence. In October 2007, the court mitigated his sentence to fifteen years in prison. He did not appeal.
Since then, appellant has filed a series of meritless postconviction challenges. In February 2009, he filed a Rule 3.850 motion claiming that his sentences could not exceed the negotiated eight-year term. The court denied the motion because appellant’s appearance at sentencing was an express condition of his plea. During the plea hearing, the court accepted the plea “on one condition”:
THE COURT: That you appear in court on August 30, 2007 at 1:15 p.m. to be sentenced. They’ll give you a card here to your right with that date and time on it. If you fail to appear on that day at that time, I reserve the right to sentence you in absentia which means I’ll sentence you without you being here and I reserve the right to sentence you to any lawful sentence you could receive, including up to the maximum on each of [sic] you fail to appear. Do you understand—
MR. GOLFE: Yes.
Appellant appealed the denial of this motion and this court per curiam affirmed. Golfe v. State, 67 So.3d 219 (Fla. 4th DCA 2011).
In May 2011, appellant filed a motion to withdraw plea that was stricken. Appellant appealed, but ultimately voluntarily dismissed that appeal in case number 4D11-2678.
On August 9, 2011, appellant filed a Rule 3.800(a) motion to correct illegal sentence that attempted to challenge his convictions on double jeopardy grounds. That motion was denied as procedurally barred and affirmed on appeal. Golfe v. State, 96 So.3d 906 (Fla. 4th DCA 2012).
On August 23, 2011, appellant filed a procedurally barred petition for writ of habeas corpus in the circuit court attempting to collaterally challenge his convictions in these cases. See Fla. R. Crim. P. *878 3.850(0; Baker v. State, 878 So.2d 1236, 1241 (Fla.2004) (holding that a petition for writ of habeas corpus may not be used as substitute for a Rule 3.850 motion). The circuit court properly transferred the petition to the trial court to proceed as a postconviction motion under Rule 3.850.
The petition claimed that the arrest affidavit was hearsay and that the prosecutor committed perjury when filing the information in 2006 because the prosecutor had allegedly not received sworn testimony'from a material witness. It is well-established that such a claim provides no basis for relief. Sears v. State, 123 So.3d 1160, 2013 WL 692432 (Fla. 4th DCA Feb. 27, 2013); Collins v. State, 97 So.3d 305, 306 (Fla. 4th DCA 2012); Parks v. State, 101 So.3d 1265, 1265 (Fla. 4th DCA 2012); McCutcheon v. State, 44 So.3d 156, 160 (Fla. 4th DCA 2010); Logan v. State, 1 So.3d 1253, 1254-55 (Fla. 4th DCA 2009). The court denied the motion and cautioned appellant about sanctions for frivolous filing.
After the admonition, on August 23, 2012, appellant filed two more post-conviction motions. In an untimely and successive Rule 3.850 motion, appellant repeated the frivolous claim that the information was not properly verified. Grounds 1, 2, 3, and 5 were all founded on this contention. In Ground 4, he claimed that counsel could not stipulate to the factual basis for his pleas, and in Grounds 6 and 7, he alleged that the judge could not initiate a plea negotiation. Appellant argued that this motion was timely because he had filed a motion for rehearing in 4D11-3607 where he had appealed the denial of his prior Rule 3.800(a) motion. The motion was frivolous and a gross abuse of postconviction relief procedure.
Tn the Rule 3.800(a) motion that he filed on the same day, he claimed that the judge was required to sentence him within the guidelines range and could not exceed the eight-year negotiated sentence. Appellant committed his offenses in 2006 and was sentenced under the Criminal Punishment Code. The court could sentence him to the statutory maximum and was not required to provide departure reasons.
The court denied these motions and issued an order to show cause why appellant should not be prohibited from filing any further pro se challenges to his convictions and sentences in these cases. After considering appellant’s response, the court imposed the sanction.
In these three consolidated cases, appellant appeals the denial of his procedurally barred petition for habeas corpus, the denial of his untimely, successive, and frivolous Rule 3.850 and Rule 3.800(a) motions, and the order imposing sanctions.
We affirm all three orders. Appellant’s postconviction challenges were frivolous. Appellant has abused postconviction relief procedures. The trial court followed State v. Spencer, 751 So.2d 47 (Fla.1999), and afforded appellant an opportunity to be heard before imposing sanctions. The court did not abuse its discretion in determining that sanctions were appropriate. Abuse of postconviction relief process interferes with the ability of courts to consider legitimate claims, and damages the remedy for others. McCutcheon, 44 So.3d at 161.
We direct the clerk of this court to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures which may include forfeiture of gain time. §§ 944.279(1), 944.28(2)(a), Fla. Stat. (2012). See Marc v. State, 46 So.3d 1045, 1046 (Fla. 4th DCA 2010).
With this opinion, we are issuing an order requiring appellant to show cause *879 why this court should not impose the sanction of no longer accepting his pro se filings.

Affirmed. Appellant referred to prison officials. An order to show cause why sanctions should not be imposed shall issue.

MAY, C.J., GROSS and LEVINE, JJ., concur.