TAYLOR, J.
The defendant was found guilty by jury of false imprisonment (a lesser included offense of kidnapping), battery (a lesser included offense of aggravated battery), aggravated assault (as charged), and battery (as charged). As to the jury verdict on false imprisonment, the jury found by way of a special interrogatory that the defendant actually possessed a firearm during the commission of the offense. We affirm the defendant’s convictions, but reverse the order of restitution and remand for further proceedings.
On appeal, the defendant argues that the special interrogatory verdict form was fundamentally erroneous because it did not inform the jury that proof beyond a reasonable doubt was required for the jury to make the finding that he possessed a firearm during the commission of the offense. However, our court has repeatedly rejected the argument that the firearm interrogatory improperly allows the jury to find the existence of the weapon enhancement element on a burden of proof less than the “beyond a reasonable doubt” standard. See Tukes v. State, 115 So.3d 1014, 1015 n. 1 (Fla. 4th DCA 2013); State v. Jacobs, 8 So.3d 448, 449 (Fla. 4th DCA 2009); Huger v. State, 941 So.2d 1182, 1185 (Fla. 4th DCA 2006).
As we explained in Tukes, “Standard Jury Instruction 3.7 sufficed to inform the jury that a material allegation made in an information must be proven beyond a reasonable doubt.” 115 So.3d at 1015 n. 1. “This instruction tells the jury to apply the same burden of proof to all aspects of the case which the state is required to prove. Considering the instructions as a whole, they are not error, let alone fundamental error.” Ruger, 941 So.3d at 1185. Accordingly, we affirm on this issue.
The defendant also argues that the trial court lacked jurisdiction to order restitution after he filed his notice of appeal. We agree and the state concedes this point. See, e.g., Marro v. State, 803 So.2d 906, 906-907 (Fla. 4th DCA 2002); Brayley v. State, 93 So.3d 1233, 1234 (Fla. 2d DCA 2012). However, because the trial court reserved jurisdiction to impose restitution, on remand the trial court may conduct another hearing and again enter an order imposing restitution. Marro, 803 So.2d at 907.

Affirmed in part, Reversed in part, and Remanded.

MAY and FORST, JJ., concur.