PER CURIAM.
Rasaun Omari Brown (“Defendant”) timely appeals his judgment and sentence for two counts of attempted first-degree murder with a firearm. Defendant raises five issues, three substantive and two procedural. He contends that the trial court erred in: 1) allowing the State to amend the information to include great bodily harm; 2) instructing the jury that intent could be transferred to a different victim in an attempted first-degree murder charge; 3) including an error in the statute on the written sentencing order; and 4) entering a restitution order after a notice of appeal had been filed. Defendant further argues that his counsel’s performance constituted ineffective assistance cognizable upon direct appeal.
The only issue that warrants reversal regards the restitution order. The trial *1014 court did not have jurisdiction to enter the order because it was rendered after the notice of appeal was filed. Kern v. State, 726 So.2d 353, 354 (Fla. 5th DCA 1999). We note that the State concedes error on this issue. Therefore, we reverse the restitution order and remand this case to the trial court for further proceedings to determine restitution.
It further appears that the sentencing order contains a scrivener’s error in citing to section 782.04(1)(A)(1), Florida Statutes (2013), in the “Special Provisions” part of the order regarding the minimum mandatory sentence of twenty-five years. The correct statute is section 775.087(2)(a)(3), Florida Statutes (2013). On remand, the trial court shall enter a corrected sentencing order. As to all other issues, we affirm without further discussion.
AFFIRMED in part; REVERSED in part; REMANDED.
LAWSON, C.J., SAWAYA and EDWARDS, JJ., concur.