NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DARRELL WARD, DOC #265206,          )
                                    )
    Appellant,                      )
                                    )
v.                                  )          Case No. 2D17-3380
                                    )
STATE OF FLORIDA,                   )
                                    )
    Appellee.                       )
_____)

Opinion filed June 12, 2019.

Appeal from the Circuit Court for Pinellas
County; Joseph A. Bulone, Judge.

Howard L. Dimmig, II, Public Defender,
and William L. Sharwell, Assistant
Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Chief Judge.


      Darrell Ward appeals his judgment and sentence for burglary of a

structure, a third-degree felony. See § 810.02(4)(a), Fla. Stat. (2015). The trial court

sentenced him to thirteen years' imprisonment, with a ten-year mandatory minimum as

a violent career criminal. See § 775.084(4)(d), Fla. Stat. (2015). The trial court also

entered a restitution order nearly a year before trial. We have jurisdiction. See Fla. R.

App. P. 9.030(b)(1)(A).  We affirm Mr. Ward's judgment and sentence without further comment; we remand for the trial court to strike the restitution order.

During the pendency of this appeal, Mr. Ward moved to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing that the restitution order should be stricken because the order preceded his conviction and the prosecutor did not request restitution at the sentencing hearing.  The State explained that the parties discussed restitution at a pretrial hearing but that the trial court did not order restitution.  It is also apparent the trial court did not impose restitution at the sentencing hearing.

The trial court correctly granted the motion and ordered the clerk to strike the restitution order.  Cf. Hollins v. State, 881 So. 2d 86, 87 (Fla. 5th DCA 2004) ("Restitution is a mandated part of sentencing and must be imposed at the time of sentencing or within sixty days thereafter."); cf. also Socorro v. State, 901 So. 2d 940, 941 (Fla. 5th DCA 2005) ("Prior to ordering restitution, a trial court must determine that: (1) the damage or loss for which restitution is ordered was caused directly or indirectly by defendant's offense; and (2) there is a significant relationship between the damage to the victim and the crime proved." (emphasis added)).  The record reflects no subsequent action by the clerk.  The State concedes that remand is appropriate.

We affirm Mr. Ward's judgment and sentence.  We remand for the trial court to enter an order directing the clerk to strike the August 30, 2016, restitution order.

Affirmed and remanded with directions.

KHOUZAM and SLEET, JJ., Concur.