WARNER, J.
We affirm appellant’s conviction and sentence, rejecting appellant’s claim that his conviction should be reversed because of improper prosecutorial argument. The trial court sustained the defense counsel’s objection to the argument and gave a curative instruction. Therefore, although the argument was improper, the court cured the error. See Bertolotti v. State, 476 So.2d 130, 134 (Fla.1985). We write, however, to address the argument of this prosecutor, as it is the third time we have reviewed this same argument.
The appellant was prosecuted for a robbery. The victim testified and was positive of his identification of the defendants, both at the time of the incident and at the time of trial. He was only slightly impeached on his identification regarding the appellant’s hair. The defense called no witnesses and thus had the initial closing argument and rebuttal argument. In his closing argument, defense counsel sought to suggest doubt as to the victim’s identification. He told the jury:
Nobody is here saying that [the victim] is a bad man because he’s coming in and saying that these two young men committed a crime. What he is is he’s confused about who did it. You have to keep in mind that this case is about identification....
Concluding, the defense attorney said:
[The victim] is not a bad person. And if you find not guilty, you’re not saying he’s a bad person, he’s confused and it’s not his fault. Under these suggestive— very suggestive circumstances, it’s not his fault.
When the prosecutor made his argument, he made the following statements:
The Defense Attorneys have talked to you about identification and they talked to you about the victim. And they’re not going to stop talking to you about the victim, because that’s part of the Defense is that you cheapen the victim, you cheapen the crime.
Defense counsel objected and the court sustained the objection and directed the jury to disregard the prosecutor’s comments. The prosecutor then said:
If, uh, if the victim — if you don’t care about [the victim], you don’t think he deserves protection under the law, then you find them not guilty.
Counsel again objected, and the court again sustained the objection and gave a curative instruction. The prosecutor said to the court, “I’m missing something, I think.” The court responded, ‘Tes sir, because I didn’t hear anything out of either argument so far where they were suggesting that [the victim] wasn’t telling the truth.”
Both of these arguments are improper. In a case where the defense has denigrated the victim, particularly where the victim *243 is poor and possibly has a criminal record, then the prosecutor can justifiably comment on the defense strategy of attacking the victim. However, where the defendant has not attacked or denigrated the victim in any way, the argument the prosecutor made in this case has no place. Defense counsel’s mere impeachment of the victim’s ability to recall does not give the prosecutor the latitude to make what is really an appeal for sympathy for the victim.
We caution that remarks such as these may result in reversal under appropriate circumstances in future cases. In this case the court properly curtailed the state’s argument, and the evidence in this case was overwhelmingly against the defense.

Affirmed.

KLEIN and HAZOURI, JJ„ concur.