PER CURIAM.
 

 Rodney McCutcheon currently has five appeals pending, which we have consolidated for purposes of this opinion. We first address the merits, or lack thereof, of each appeal.
 

 Rule 3.850 Summary Denial— 4B09-4546
 

 In case number 4D09-4546, McCutcheon appeals the denial of his postconviction motion challenging his conviction for grand theft entered in Broward circuit court case number 85-1144. McCutcheon entered a plea in that case in 1987 while he was on parole for sexual battery in an unrelated case. Pursuant to the negotiated plea agreement, McCutcheon was placed on probation for six months with early termination upon completion of 25 hours of community service. His parole was reinstated. He completed the probation and is not presently incarcerated for this offense, nor does it appear that this offense was in any way used to revoke his parole for the sexual battery.
 
 [1]
 

 Nevertheless, McCutcheon alleged newly discovered evidence in the form of a “preliminary hearing summary” prepared in August 1987 during the proceedings before the parole commission. The summary indicated that a parole officer had spoken with the assistant state attorney for the grand theft case, who indicated that the charge was unlikely to hold up because the Jefferson Ward store from which McCut-cheon had stolen a video cassette recorder was no longer in business. McCutcheon now argues that his attorney should not have allowed him to plead to the grand theft charge because this summary shows that the State could not get the evidence to prove its case. McCutcheon alleges that he always wanted to go to trial on this charge and would not have entered his negotiated plea had he been properly advised.
 

 This inadmissible hearsay is not evidence, nor is it new. McCutcheon was at the hearing and should have known this information well before his “discovery” of the hearing summary in 2008. Further, McCutcheon’s sworn affidavit, which he filed in support of this claim, refutes his
 
 *159
 
 allegations. In his affidavit, he explains that on
 
 September 10, 1987
 
 he agreed to the negotiated plea because the State had alleged that it
 
 now
 
 had the witnesses to testify for trial. The August 1987 hearing summary does not in any way prove that the State did not later locate the witnesses and that they were not available in September 1987.
 

 This claim is frivolous. McCutcheon cannot now, 28 years later, seek to withdraw his plea and challenge the veracity of the State’s assertion that it had located the witnesses or fault his counsel for not challenging this assertion back in 1987. Accordingly, we affirm the trial court order denying this motion.
 

 This postconviction challenge appears particularly frivolous because the conviction at issue does not impact McCutcheon’s current life sentence for sexual battery in any substantial way. Moreover, this claim is not raised to obtain relief from a wrongful conviction for an offense McCutcheon did not commit. Instead, this claim, like so many of the proceedings McCutcheon has initiated in our courts, has not been brought in good faith.
 

 Rule 3.850 Summary Denial — 4D10-573
 

 In 2009, McCutcheon filed a postconviction motion challenging his 1973 conviction in Broward circuit court case number 72-17985. In this case, McCutcheon was charged with larceny of a motor vehicle. On January 9, 1973, he pleaded to a lesser offense of unauthorized use of a motor vehicle and was credited with 83 days time served as his sentence.
 

 Again, the conviction in this 1972 case has absolutely no discernable effect upon McCutcheon’s present incarceration on the unrelated sexual battery offense. Nevertheless, McCutcheon argues that his conviction must be vacated because the information charging felony larceny was filed in the “court of record” on May 23, 1972. McCutcheon argues that a court of record did not have jurisdiction to accept his plea because courts of record were abolished on January 1, 1973. He alleges that his plea is void because the court that accepted his plea did not exist. He wants the record of this case destroyed.
 

 The State responded to this claim and attached a “Certificate of Transfer Pursuant to Transition Rule 4” which transferred this case to the Broward circuit court effective January 2,1973 — before the plea. Upon transfer, the case received a new case number: 72-53CFB. The trial court denied the claim, and McCutcheon now appeals.
 

 The record unequivocally refutes McCutcheon’s claim. Moreover, McCut-cheon’s allegation that his case was not properly transferred in 1973 is also barred by laches, and his sentence was completed more than 37 years ago.
 
 Gusow v. State,
 
 6 So.3d 699, 705 (Fla. 4th DCA 2009) (“A motion filed outside the time limit is barred by laches as a matter of law unless one of the exceptions [set out in Rule 3.850(b)] is met.”). We affirm the trial court’s denial of this claim and conclude that this claim is frivolous.
 

 Habeas Corpus Denial — 4D09-3770
 

 In 2008, McCutcheon filed a petition for writ of habeas corpus seeking to challenge his 1990 conviction for dealing in stolen property in Broward circuit court case number 89-22827. McCutcheon entered a negotiated plea to the charge in this case and received a sentence of 2.5 years for the dealing in stolen property count. The State
 
 nolle prossed
 
 a grand theft count.
 

 McCutcheon alleges that the trial court lacked jurisdiction because the prosecutor signed the information charging him in this case without a properly sworn com
 
 *160
 
 plaint affidavit. He alleges that the complaint affidavit “has an unofficial signature, and also lacks the official seal of such officer, or person taking or administering the oath ...” He argues that the prosecutor did not have sworn testimony from witnesses when the information was filed in 1989.
 
 See
 
 Fla. R.Crim. P. 3.140(g) (requiring a prosecutor filing an information to certify “that he or she has received testimony under oath from the material witness or witnesses for the offense”).
 

 This claim is frivolous.
 
 Logan v. State,
 
 1 So.3d 1253 (Fla. 4th DCA 2009) (recognizing that a postconviction motion which raised a similar claim was “untimely, successive, and a clear abuse of procedure.”). A defendant cannot object to an information on the ground it was not properly signed or verified after pleading to the merits. Fla. R.Crim. P. 3.140(g).
 
 See also
 
 Fla. R.Crim. P. 3.140(o).
 

 The petition also argued that the Florida Statutes are invalid because they lack enacting clauses.
 
 See
 
 Art. Ill, § 6, Fla. Const. He contends that the circuit court lacked jurisdiction because the statutes under which he was charged do not contain language stating: “Be it enacted by the Legislature of the State of Florida.” The enacting clause requirement applies to the chapter laws passed by the legislature. The Florida Statutes, where these laws are codified, do not require enacting clauses.
 

 This claim and McCutcheon’s argument that “[t]he so-called ‘statutes’ in the ‘Official Florida Statutes’ are not only absent enacting clauses, but are surrounded by other issues and facts which make their authority unknown and uncertain or questionable” is plainly malicious. We will not expend any judicial resources explaining McCutcheon’s argument that the Florida Statutes are invalid because they are prepared by the Reviser of Statutes and not published by the Secretary of State.
 

 The trial court properly dismissed this abusive and procedurally barred petition. Fla. R.Crim. P. 3.850(h);
 
 Baker v. State,
 
 878 So.2d 1236, 1241 (Fla.2004). We affirm.
 

 Habeas Corpus Denial — 4D10-304 & 4D09-2192
 

 Finally, we come to case numbers 4D10-304 & 4D09-2192 where McCutcheon appeals the denial of two more petitions for writ of habeas corpus. These challenges are actually directed at the 1972 capital rape conviction in case number 72-23029, which is the reason for McCutcheon’s present incarceration.
 

 In 4D09-2192, McCutcheon’s petition raised a number of claims purporting to challenge the trial court’s subject-matter jurisdiction. He again argues that the Florida Statutes are void because they lack enacting clauses, that the conviction and sentence of the court of record became “null and void” when those courts were subsequently abolished, and that his conviction is invalid because he was prosecuted by an assistant state attorney, and not a county or assistant county solicitor, as he alleges was required in a court of record.
 

 In its response to McCutcheon’s petition, the State catalogued some of McCut-cheon’s repetitive challenges to his conviction in this case, including at least six postconviction motions he filed since 1991 attempting to challenge the court’s subject-matter jurisdiction on the same or similar grounds. These prior motions were denied and affirmed on appeal. The State requested that the trial court enjoin McCutcheon from further
 
 pro se
 
 filing. The State requests that this court take similar action.
 

 The trial court properly denied this frivolous and abusive motion. We affirm.
 

 
 *161
 
 In the petition appealed in 4D10-304, McCutcheon argued that he must immediately be released from prison because when he committed this offense and was sent to prison, the order of commitment committed him to the “Department of Health and Rehabilitative Services, Division of Corrections.” The entity within the executive branch charged with executing sentences is now known as the Department of Corrections. McCutcheon argues that the Department of Corrections has no authority to hold him. He demands his immediate release or transfer to the now non-existent Division of Corrections.
 

 The trial court dismissed this claim explaining how the functions of the Division of Corrections were transferred to a different entity and how that entity was renamed the Department of Corrections.
 

 McCutcheon also argued that the Department of Corrections lacked subject matter jurisdiction to admit him because he was sentenced by a criminal court of record rather than a circuit court. McCut-cheon does not want to disturb his judgment or sentence. Instead, he claims that the Department of Corrections should not have accepted him into custody and that he should be transferred back to the now defunct Department of Health and Rehabilitative Services, Division of Corrections. In denying this claim, the trial court correctly noted that the statute relied upon by McCutcheon did not prohibit the Department of Corrections from assuming custody of McCutcheon as the successor to the former Division of Corrections. McCut-cheon appeals the denial of both claims. We affirm.
 

 The writ of habeas corpus and postconviction procedures are an essential part of due process. They ensure fair and equal justice for all. However, when overused and abused by those they seek to protect, we must be concerned that the meritorious claim of another litigant, who has not abused the process, may be lost.
 
 See Gusow,
 
 6 So.3d at 705. Justice Jackson saw this coming when some 55 years ago he described the “floods of stale, frivolous and repetitious [habeas corpus] petitions” inundating the federal courts:
 

 It must prejudice the occasional meritorious application to be buried in a flood of worthless ones. He who must search a haystack for a needle is likely to end up with the attitude that the needle is not worth the search.
 

 Brown v. Allen,
 
 344 U.S. 443, 536-39, 73 S.Ct. 397, 97 L.Ed. 469 (1953) (Jackson, J., concurring).
 

 The damage to the remedy continues as more and more abusive prisoner litigants flood our state trial and appellate courts with frivolous, repetitive, and proeedurally-barred postconviction challenges. Within this mountain of hay, the meritorious claim of another litigant, who has not abused the process, may be lost.
 

 Rodney McCutcheon is the epitome of a serial postconviction relief filer. Since his conviction for sexual battery in 1972, after which he was sentenced to life in prison, McCutcheon has initiated at least 50 cases in this court alone. We are confident that a sophisticated, highly-experienced prisoner litigant such as McCutcheon, who has now likely litigated cases in the federal trial and appellate courts, is aware that none of the claims raised in the instant appeals have arguable merit. The inescapable conclusion is that these frivolous filings were maliciously brought. These abusive filings interfere with the justice system’s ability to consider legitimate claims. Those who may be wrongly convicted or otherwise entitled to relief are stymied in their efforts for justice by the hay generated by the persistent frivolous
 
 *162
 
 filings of litigants like Rodney McCut-eheon.
 

 We conclude that these appeals are frivolous, malicious, and not brought in good faith. Accordingly, we direct the clerk of this court to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. § 944.279(1), Fla. Stat. (2009).
 

 Simultaneously with this opinion, we are issuing an order directing Rodney McCut-cheon to show cause why this court should not henceforth refuse to accept his
 
 pro se
 
 filings in perpetuity.
 
 See State v. Spencer,
 
 751 So.2d 47 (Fla.1999).
 

 Affirmed.
 

 GROSS, C.J., MAY and DAMOORGIAN, JJ, concur.
 

 [1]
 

 . McCutcheon’s parole was revoked in 1990 based on his conviction for trafficking in stolen properly in Broward circuit court case number 89-22827.