DAMOORGIAN, J.
 

 Moore appeals an order denying his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. We affirm and write only to address the trial court’s determination that Moore’s fifty-two page motion with approximately one-hundred exhibits was frivolous and abusive, as well as the trial court’s imposition of sanctions pursuant to sections 944.279(1) and 944.28, Florida Statutes. We agree that sanctions in this
 
 *601
 
 case were appropriate.
 
 See McCutcheon v. State,
 
 44 So.3d 156 (Fla. 4th DCA 2010).
 

 To put this case in perspective, it is necessary to provide a brief description of the proceedings commencing with Moore’s conviction and sentence. In 2001, this court affirmed Moore’s conviction and sentence for trafficking cocaine in excess of twenty-eight grams and felony fleeing or eluding a police officer.
 
 Moore v. State,
 
 778 So.2d 1054 (Fla. 4th DCA 2001). Moore subsequently filed a rule 3.850 motion for post-conviction relief, raising seven claims for relief, five of which were for ineffective assistance of counsel. The trial court denied Moore’s claims and we per curiam affirmed that decision.
 
 Moore v. State,
 
 843 So.2d 280 (Fla. 4th DCA 2003). More than two years after his judgment and sentence were final, Moore raised another claim of ineffective assistance of counsel, which the trial court denied as untimely. Again, we per curiam affirmed.
 
 Moore v. State,
 
 871 So.2d 242 (Fla. 4th DCA 2004).
 

 Finally, Moore filed a fifty-two page rule 3.800(a) motion to correct illegal sentence, which is the subject of this appeal. In his motion, Moore raised a myriad of claims of ineffective assistance of counsel, trial court and appellate court error, and prosecutor error. He did not raise any actual claims of sentencing error. In an extensive, detailed written order, the trial court denied the motion, concluding that the claims were not cognizable in a rule 3.800(a) motion because Moore was collaterally attacking his conviction. The trial court also found that the issues raised could be raised only in a rule 3.850 motion and that the time for filing such a motion had passed. The issues raised were also barred because they either were or should have been raised on direct appeal. Against this backdrop, the court concluded the motion was frivolous and that Moore had abused the post-conviction relief process by filing successive motions raising the same issues.
 

 In
 
 McCutcheon,
 
 we acknowledged that “as more and more abusive prisoner litigants flood our state trial and appellate courts with frivolous, repetitive, and procedurally-barred postconviction challenges^] ... the meritorious claim of another litigant, who has not abused the process, may be lost.” 44 So.3d at 161. Herbert Moore is just such an abusive litigant. Accordingly, simultaneously with this opinion, we are issuing an order directing Moore to show cause why this court should not henceforth refuse to accept his
 
 pro se
 
 filings in perpetuity.
 
 See State v. Spencer,
 
 751 So.2d 47, 48-49 (Fla.1999).
 

 Affirmed.
 

 GROSS, C.J. and MAY, J., concur.