PER CURIAM.
The petitioner was ordered to show cause why sanctions should not be imposed for having filed an untimely, meritless, and successive post-conviction challenge. State v. Spencer, 751 So.2d 47 (Fla.1999). We have considered petitioner’s response that lack of access to “inmate writ writers” or “jailhouse law clerks” has prevented him from timely raising this claim. We find that the response does not excuse the petitioner’s frivolous filing and abuse of post-conviction relief process in this case.
Since his 1994 conviction was affirmed, petitioner has filed no less than eleven pro se proceedings in this Court. In the current petition for habeas corpus, petitioner alleges “manifest injustice” because of an alleged violation of the speedy trial rule *575 before his trial in 1994. The record reveals, however, that the petitioner previously filed a timely Rule 8.850 motion and argued his attorney was ineffective in failing to assert speedy trial rights. We reversed and remanded the case for an evi-dentiary hearing. Hankins v. State, 677 So.2d 112 (Fla. 4th DCA 1996). The claim was denied on remand, and this court affirmed in Hankins v. State, 728 So.2d 284 (Fla. 4th DCA 1998). Following those proceedings, petitioner has filed at least six additional post-conviction motions and appealed each of the denials to this Court.
Petitioner’s alleged violation of the speedy trial rule is a procedurally barred claim of unpreserved trial court error. Petitioner again attempts to assert this meritless claim nearly twenty years after his trial. This Court has previously cautioned petitioner that any further abusive, repetitive, malicious, and/or frivolous filings would result in sanctions.[1] That warning has gone unheeded. Petitioner’s abuse of post-conviction relief process interferes with this Court’s ability to consider legitimate claims. See McCutcheon v. State, 44 So.3d 156, 161 (Fla. 4th DCA 2010).
We therefore order the Clerk of this Court to no longer accept any papers filed by Lucious Hankins, Jr., unless the document has been reviewed and signed by a member in good standing of the Florida Bar. The Clerk shall forward a certified copy of this opinion to the appropriate institution for disciplinary procedures. § 944.279(1), Fla. Stat. (2012).
MAY, C.J., GROSS and TAYLOR, JJ., concur.

. Hankins v. State, 76 So.3d 310 (Fla. 4th DCA 2011).