ON ORDER TO SHOW CAUSE
PER CURIAM.
We previously affirmed the summary denial of appellant’s untimely and successive attempt at post-conviction relief. The “Emergency Petition for Writ of Habeas Corpus” that appellant filed below again attempted to challenge his 1981 conviction for armed robbery with a firearm in the underlying case. The trial court correctly treated the petition as a motion for post-conviction relief under rule 3.850 and determined that the motion was untimely and procedurally barred. Fla. R. Crim. P. 3.850(0; Baker v. State, 878 So.2d 1236, 1241 (Fla.2004). Appellant’s attempt at raising alleged defects in the information is frivolous. Fla. R. Crim. P. 3.140(o). The law is well settled that an information need not charge aider/abettor liability. State v. Roby, 246 So.2d 566, 571 (Fla.1971). The rambling petition and brief on appeal raise many other confused arguments that are equally devoid of merit and unworthy of discussion.
This appeal constitutes appellant’s fourteenth proceeding in this court. In case number 4D07-4621, this court admonished appellant that his continued filing of frivolous, repetitive, and abusive documents in this court would result in sanctions. Appellant has filed four more postconviction challenges and appeals since that warning.
Pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999), we issued an order directing appellant to show cause why this court should not impose the sanction of no longer accepting his pro se filings. In his response to this court, appellant repeats his frivolous arguments and suggests that this court is engaged in a conspiracy with the “Illuminati” and serving “Satan.” Appellant’s response convinces this court of the need to impose sanctions to prevent his abuse of post-conviction relief procedures. McCutcheon v. State, 44 So.3d 156, 161 (Fla. 4th DCA 2010).
Accordingly, the Clerk of this court is directed to no longer accept any paper filed by Willie Lee Hines unless the document has been reviewed and signed by a *914 member in good standing of the Florida Bar. The Clerk is directed to forward a certified copy of this order to the appropriate institution for consideration of disciplinary procedures, including forfeiture of gain time. § 944.279(1), Fla. Stat. (2012).

Sanctions imposed.

WARNER, POLEN and DAMOORGIAN, JJ., concur.