PER CURIAM.
We affirm the trial court’s denial of appellant’s Rule 3.800(a) motion to correct illegal sentence. Appellant has filed numerous postconviction challenges and appeals and was previously warned against frivolous filing in case number 4D10-5186. In this case, because of appellant’s ongoing abuse of postconviction process, we issued an order to show cause pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999). We conclude that sanctions are appropriate.
In 1998, appellant brutally attacked a woman inside a service station beating her unconscious and slamming her head into the floor. The victim suffered severe injuries and spent three days in the hospital. He then took her belongings, including her car keys, and fled with her car. He entered a plea in 1999 to carjacking, robbery, and aggravated fleeing and eluding. This court affirmed the convictions and sentences in 2001. Lake v. State, 793 So.2d 963 (Fla. 4th DCA 2001) (table) (case number 4D99-3929).
*1047 In the Rule 3.800(a) motion on appeal, appellant did not allege an “illegal sentence” that can be corrected at any time, but instead attempted to present an untimely, successive, and procedurally barred challenge to his plea. Appellant alleged “manifest injustice” because during the factual basis announced for his June 1999 plea the prosecutor at certain points misstated the name of the victim. This same claim was raised and rejected on direct appeal, and the repetition of the claim in this posture is devoid of any arguable merit.
Appellant’s response to this court’s order to show cause maintains his frivolous allegation that he was convicted of an “uncharged” crime because of the prosecutor’s slip of the tongue in reciting the name of the victim during certain points of the factual basis. Appellant does not excuse his ongoing abuse of postconviction process. Appellant has initiated eleven cases in this court since his conviction, including two appeals of Rule 3.850 denials, an appeal of a habeas corpus denial, and four appeals from Rule 3.800(a) denials. None of appellant’s postconviction motions and appeals have been found to have merit.
“Enough is enough.” Isley v. State, 652 So.2d 409, 411 (Fla. 5th DCA 1995). Appellant’s abuse of postconviction process interferes with the right of access to court for others and damages the remedy. See McCutcheon v. State, 44 So.3d 156, 161 (Fla. 4th DCA 2010).
Accordingly, the Clerk of this Court is directed to no longer accept any paper filed by David A. Lake unless that paper has been signed by a member in good standing of The Florida Bar and that member certifies that a good faith basis exists for each claim presented. Further, we direct the Clerk to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. § 944.279(1), Fla. Stat. (2012).

Affirmed. Sanctions imposed.

WARNER, STEVENSON and TAYLOR, JJ., concur.