PER CURIAM.
Mark Oliveira filed a pro se habeas petition in this court, challenging his convictions and sentences in two lower court cases[1] as well as an order that barred him from filing future pro se filings in the trial court. Oliveira previously appealed his convictions and sentences. See Oliveira v. State, 751 So.2d 611 (Fla. 4th DCA 1999); Oliveira v. State, 718 So.2d 1258 (Fla. 4th DCA 1998).[2] He subsequently filed over thirty appeals and petitions in this court in connection with those lower court cases.[3]
In 2011, this court directed Oliveira to show cause why sanctions should not be imposed.[4] In 2012, this court affirmed the trial court’s denial of another post-conviction relief motion filed by Oliveira. Oliveira v. State, 96 So.3d 908 (Fla. 4th DCA 2012).[5] This court also affirmed the trial court’s sanction order. Id. With these two 2012 affirmances, orders were issued directing Oliveira once again to show cause why sanctions should not be imposed by our court. Though no sanction order was issued in either 2011 or 2012, Oliveira was well aware that future frivolous filings could result in sanctions.
Undeterred, and barred from filing in the trial court, Oliveira filed this frivolous petition for "writ of habeas corpus. See Baker v. State, 878 So.2d 1236, 1241 (Fla.2004) (“[Hjabeas corpus may not be used as a substitute for an appropriate motion seeking postconviction relief pursuant to [rule 3.850].”) (quoting Harris v. State, 789 So.2d 1114, 1115 (Fla. 1st DCA 2001)). Because of Oliveira’s ongoing abuse of the postconviction process, we directed Oli-veira to explain why he should not be barred with respect to future pro se filings pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999), and Florida Rule of Criminal Procedure 3.850(m). We have reviewed Oliveira’s response and conclude that sanctions are appropriate. Lake v. State, 115 So.3d 1046 (Fla. 4th DCA 2013) (citing Isley v. State, 652 So.2d 409, 411 (Fla. 5th DCA 1995)); see also McCutcheon v. State, 44 So.3d 156, 161 (Fla. 4th DCA 2010).
Accordingly, the Clerk of this court is directed to no longer accept any paper filed by Mark Oliveira unless that paper has been signed by a member in good standing of The Florida Bar and -that *966 member certifies that a good faith basis exists for each claim presented. Further, we direct the Clerk to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. § 944.279(1), Fla. Stat. (2012).

Petition denied. Sanctions imposed.

DAMOORGIAN, C.J., CONNER and FORST, JJ., concur.

. LT 96-6058 & LT 97-1481.

. Oliveira prevailed on a sentencing challenge claiming that his reclassified sentence associated with battery on a law enforcement officer could not be enhanced under the habitual offender statute. Oliveira was receded from by Spann v. State, 772 So.2d 38 (Fla. 4th DCA 2000), which was the subject of the Florida Supreme Court’s decision in State v. Hearns, 961 So.2d 211 (Fla.2007).

. LT 96-6058: 4D99-417 (3.800); 4D00-4607 (IAAC petition); 4D02-278 (3.850); 4D02-4537 (belated appeal); 4D03-1515 (3.800); 4D05-3762; 4D07-206 (3.800); 4D08-4605 (3.800); 4D10-5345 (mandamus); 4D11-322 (mandamus); 4D11-1638 (3.850); 4D11-3267 (3.850).
LT 97-1481: 4D97-2088 (appeal); 4D98-3476 (habeas corpus); 4D98-4257 (habeas corpus); 4D99-3798; 4D00-112 (belated appeal); 4D02-291 (belated appeal); 4D02-461 (3.850 appeal); 4D02-3500 (3.850); 4D03-1203 (3.800); 4D03-4767 (3.800); 4D04-3585 (habeas appeal); 4D04-3792 (appeal); 4D05-3493 (3.800); 4D08-244 (3.800); 4D09-3100 (3.800); 4D10-5344 (mandamus); 4D11-323 (mandamus); 4D11-1637(3.850); 4D11-3262 (3.850 & Spencer).

. 4D11-1637 & 4D11-1638 (orders of August 21, 2011).

. Consolidated cases 4D11-3262 & 4D11-3267.