PER CURIAM.
We affirm the trial court’s denial of appellant’s rule 3.800(a) motion to correct illegal sentence. Appellant has filed numerous postconviction challenges and appeals in connection with lower tribunal case number 90-13578, and was previously warned by this court in case numbers 4D12-996 and 4D11-4868 that future frivolous filings may result in sanctions. Because of appellant’s ongoing abuse of the postconviction process, we issued an order to show cause pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999). Appellant has not responded. We conclude that sanctions are appropriate.
Within the rule 3.800(a) motion before us, appellant challenged his 1991 score-sheet, arguing that the prior offenses were not listed in requisite detail. He does not contest the offenses listed or otherwise demonstrate that his sentence is illegal as a result of the missing information. See Brooks v. State, 969 So.2d 238, 243 (Fla. 2007). Also, our records reflect that, in 1992, appellant filed a rule 3.800(a) motion contesting the prior felony convictions referenced on his scoresheet. This court affirmed the trial court’s denial of relief. See Potter v. State, 615 So.2d 169 (Fla. 4th DCA 1993).
This is appellant’s twelfth filing in this court, which filings include seven appeals from orders denying motions for rules 3.800(a) and 3.850 relief.[1] We conclude that appellant’s abuse of the postconviction process interferes with the right of access to court for others and damages the remedy. See Lake v. State, 115 So.3d 1046, 1047 (Fla. 4th DCA 2013) (citing McCutcheon v. State, 44 So.3d 156, 161 (Fla. 4th DCA 2010), review denied, 75 So.3d 1245 (Fla.2011)).
Accordingly, the Clerk of this Court is directed to no longer accept any paper filed by Jeffrey Potter arising out of his conviction and sentence in lower tribunal case number 90-13578, unless that paper has been signed by a member in good standing with The Florida Bar and that member certifies that a good faith basis exists for each claim presented. Further, we direct the Clerk to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2012).

Affirmed. Sanctions imposed.

DAMOORGIAN, C.J., STEVENSON and MAY, JJ., concur.

. Case nos. 4D92-3547 (3.800); 4D98-2884 (3.850); 4D99-3336 (3.800); 4D02-5095 (3.800); 4D06-2916 (3.800); 4D11-4868 (3.800, cautioned); 4D12-996 (3.800, cautioned).