On Order to Show Cause

PER CURIAM.
Prior to appellant’s filing of this appeal, we issued an opinion cautioning him that *588 continued frivolous filings would result in sanctions. Wilson v. State, 109 So.3d 240 (Fla. 4th DCA 2013). Undeterred, appellant filed a notice of appeal challenging the trial court’s denial of a habeas corpus petition. The trial court properly treated the petition as a motion for post-conviction relief under rule 3.850 and determined that it was untimely and procedurally barred. Fla. R. Crim. P. 3.850(h); Baker v. State, 878 So.2d 1236, 1241 (Fla.2004).
We affirmed and pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999), issued an order directing appellant to show cause why this court should not impose sanctions. We have reviewed appellant’s response, and conclude that sanctions are appropriate.
Appellant’s abuse of the post-conviction process interferes with the right of access to court for others and damages the remedy. See Lake v. State, 115 So.3d 1046, 1047 (Fla. 4th DCA 2013) (citing McCutcheon v. State, 44 So.3d 156, 161 (Fla. 4th DCA 2010)). This court affirmed appellant’s conviction in 2007, and in 2011 it affirmed the trial court’s denial of his first post-conviction relief motion. Wilson v. State, 72 So.3d 771 (Fla. 4th DCA 2011);[1] Wilson v. State, 964 So.2d 241 (Fla. 4th DCA 2007).[2] Since then his filings, including the instant appeal, have raised merit-less and procedurally barred claims. Wilson v. State, No. 4D11-2658 (Fla. 4th DCA Feb. 27, 2014) (habeas corpus petition); Wilson v. State, 109 So.3d 240 (Fla. 4th DCA 2013).[3]
In particular, this proceeding shows why sanctions are appropriate. Wilson filed a petition for writ of habeas corpus in Hamilton County where he is incarcerated. The proceeding was transferred to St. Lu-cie County. Appellant’s substantive claim presented a challenge to the information in that the victim’s name was wrong. The trial court noted that it was interesting that appellant failed to allege in the current petition (transferred from Hamilton County) that the state had been granted leave to amend the charging document pri- or to trial to correct the victim’s name. The court noted that appellant had acknowledged that amendment in his prior motion, but left it out of the one at issue.[4] The trial court concluded that appellant’s motion was non-meritorious, frivolous and abusive. He continues to allege in this appeal the discrepancy regarding the victim’s name.
Accordingly, the Clerk of this Court is directed to no longer accept any paper filed by Kendrick S. Wilson arising out of his conviction and sentence in St. Lucie County lower tribunal case number 05-3856, unless that paper has been signed by a member in good standing with The Florida Bar and that member certifies that a good faith basis exists for each claim presented. Additionally, the Clerk is directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. § 944.279(1), Fla. Stat. (2012).

Affirmed. Sanctions imposed. Appellant referred to prison officials.

DAMOORGIAN, C.J., WARNER and KLINGENSMITH, JJ„ concur.

. No. 4D09-3692

. No. 4D06-3102

. No. 4D12-1902

.The docket included in the summary record shows that at trial on May 3, 2006, the state orally moved to amend the information to correct the victim’s name, which motion was granted.