DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHNSON CUFFY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-292

[March 18, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 07-12640 CF10B.

Johnson Cuffy, Arcadia, pro se.

No appearance filed for appellee.

**ON ORDER TO SHOW CAUSE**

PER CURIAM.

We dismissed the defendant's petition for writ of habeas corpus and issued an order requiring the defendant to show cause why we should not impose sanctions pursuant to *State v. Spencer*, 751 So. 2d 47 (Fla. 1999). The defendant has not shown cause to excuse his continuing abuse of postconviction relief procedures. Therefore, we impose sanctions.

The defendant has raised the same challenge to his 2008 plea in numerous postconviction motions, appeals, and habeas corpus proceedings in this court. The essence of the defendant's claim is that when he entered his plea and was placed on probation, he believed that he was pleading to a third-degree grand theft, not a second-degree grand theft. The defendant did not appeal from that plea and sentence. However, after the defendant violated probation and was sentenced to eleven years in prison, he began filing postconviction motions raising this third-degree versus second-degree issue. The defendant's claim has been considered and rejected repeatedly on the merits.

The defendant first raised this claim in a Florida Rule of Criminal Procedure 3.850 motion which he filed through counsel in 2009. The circuit court denied the motion, ruling that the claim of trial court error was not cognizable in a postconviction motion and that any prejudice from the defendant's allegation that he believed he was pleading to third-degree grand theft was cured by the plea form which clearly reflected that he was pleading to second-degree grand theft as charged in the information. The defendant acknowledged reading and signing the plea form during the plea colloquy. Following full briefing by counsel in case number 4D09-413, we affirmed the circuit court's denial of the defendant's motion. *Cuffy v. State*, 56 So. 3d 14 (Fla. 4th DCA 2011) (table).

The defendant repeated a similar claim in another rule 3.850 motion he filed in 2011. The circuit court noted that the defendant previously raised the same issue, but again addressed the merits and denied the motion. The court concluded that the record – including the information, the written plea form, the scoresheet, the disposition form, and the transcript – conclusively refuted the claim. The court also noted the defendant's acknowledgement during the plea hearing that he wished to enter the plea knowing he could receive fifteen years in prison if he violated probation. This court affirmed the denial of this motion in case number 4D11-4532. *Cuffy v. State*, 97 So. 3d 237 (Fla. 4th DCA 2012) (table).

In February 2013, the defendant filed a petition for writ of habeas corpus in this court in case number 4D13-491 again attempting to challenge his plea and repeating the same claim. We dismissed the petition as unauthorized as it attempted to raise an untimely, successive, and procedurally barred postconviction challenge. *See Baker v. State*, 878 So. 2d 1236, 1241 (Fla. 2004).

In December 2013, the defendant filed another habeas corpus petition in this court in case number 4D13-4660, once again attempting to challenge his plea on the same grounds. We dismissed the petition, and we referred the defendant to prison officials for consideration of disciplinary procedures based on his ongoing abusive filing of frivolous proceedings. *See* § 944.279(1), Fla. Stat. (2013). We again cautioned the defendant that continued frivolous filing would result in the sanction of this court no longer accepting his *pro se* filings.

In 2015, the defendant filed the instant habeas corpus petition again challenging his plea on the same meritless grounds. We dismissed the petition and ordered the defendant to show cause why we should not impose the sanction of no longer accepting his *pro se* filings. The

defendant's response asserts that it would be manifestly unjust not to consider his claim again.

The term "manifest injustice," which has been acknowledged as an exception to procedural bars to postconviction claims in only the rarest and most exceptional of situations, now is abused widely by postconviction litigants. Courts are routinely confronted with untimely and successive postconviction challenges, which cavalierly attempt to circumvent the bars simply by asserting "manifest injustice." However, rule 3.850 contains no "manifest injustice" exception to the rule's time limitation or bar against filing successive postconviction motions. *See* Fla. R. Crim. P. 3.850(b); Fla. R. Crim. P. 3.850(h).

Abuse of postconviction procedures consumes limited court resources and delays access to courts for others by impeding the ability of courts to consider legitimate claims. *See Lake v. State,* 115 So. 3d 1046, 1047 (Fla. 4th DCA 2013) (citing *McCutcheon v. State*, 44 So. 3d 156, 161 (Fla. 4th DCA 2010)). Accordingly, we impose the sanction of no longer accepting petitioner's *pro se* filings directed at his conviction and sentence in lower tribunal case number 07-12640CF10B. The Clerk of this Court is directed to reject any such filing unless it has been signed by a member in good standing of The Florida Bar who certifies that a good faith basis exists for each claim presented. Further, we direct the Clerk to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. *See* § 944.279(1), Fla. Stat. (2014).

*Sanctions imposed.*

DAMOORGIAN, C.J., GERBER and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***