# Third District Court of Appeal

## State of Florida

Opinion filed February 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1739
Lower Tribunal No. 08-21885
_____


**Blas Garcia-Manriquez,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Blas Garcia-Manriquez, in proper person.

Ashley Moody, Attorney General, for appellee.


Before EMAS, C.J., and LINDSEY, and BOKOR, JJ.

PER CURIAM.

Affirmed. See Beiro v. State, 289 So. 3d 511, 511–12 (Fla. 3d DCA 2019) ("The mere incantation of the words 'manifest injustice' does not make it so. [Petitioner] has failed to allege any facts—nor can he—to justify invoking the extremely limited concept of manifest injustice to excuse a procedural bar and allow us to review the merits of his instant claim."); Cuffy v. State, 190 So. 3d 86, 87 (Fla. 4th DCA 2015) ("The term 'manifest injustice,' which has been acknowledged as an exception to procedural bars to postconviction claims in only the rarest and most exceptional of situations, now is abused widely by postconviction litigants. Courts are routinely confronted with untimely and successive postconviction challenges, which cavalierly attempt to circumvent the bars simply by asserting 'manifest injustice.' However, rule 3.850 contains no 'manifest injustice' exception to the rule's time limitation or bar against filing successive postconviction motions.").