# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-3840

_____

PAIGE A. VOWELL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Francis J. Allman, Jr., Judge.

September 11, 2024

LONG, J.

Paige A. Vowell appeals the denial of her motion for postconviction relief. She advances two arguments for reversal. First, she argues that her sentence of life imprisonment, in light of her co-defendants' term-of-years sentences, created a manifest injustice. Second, she argues that the trial court erred in denying her motion for postconviction relief alleging ineffective assistance of counsel.

We reject the manifest injustice claim, made for the first time on appeal. Vowell did not raise this issue in her direct appeal or to the postconviction court. She now argues that by claiming a manifest injustice, this Court is permitted "to overlook procedural bars and consider the issue on the merits." But we agree with

*Cuffy v. State*, 190 So. 3d 86, 87 (Fla. 4th DCA 2015), that "rule 3.850 contains no 'manifest injustice' exception."

We turn to Vowell's claim of ineffective assistance of counsel. Vowell was convicted of first-degree murder, kidnapping, and being an accessory after the fact. She was sentenced to life imprisonment. On direct appeal, this Court affirmed the murder and kidnapping convictions but reversed the accessory after the fact conviction. Vowell filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. She asserted that defense counsel provided ineffective assistance of counsel by failing to adequately prepare her for her proffer and trial testimony. A hearing was held. The court denied Vowell's motion. This appeal follows.

Ineffective assistance of counsel requires a showing that "counsel's performance was deficient" and "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Vowell claims that defense counsel's performance was deficient because he failed to prepare her to testify at the proffer and trial.

The postconviction court, in a detailed order, found that counsel had told Vowell to be honest in her proffer, warned her that half-truths would be discovered, and told her to try not to get upset. Counsel testified that he and Vowell discussed the areas the prosecution would explore and that they discussed "how to handle those issues."

Vowell admitted that while defense counsel told her to tell the complete truth, she disregarded this advice and withheld important information during her proffer. She also admitted that she consumed methamphetamine immediately prior to giving her proffer and continued to abuse drugs throughout the case. Given the "cocktail of pills" she was continually ingesting, the postconviction court reasonably questioned what amount of preparation would have been sufficient to overcome her own behavior. The postconviction court determined that Vowell "effectively scuttled" any efforts made to prepare her for the proffer and trial.

Vowell has failed to demonstrate both that defense counsel's performance was deficient and that she suffered prejudice.

AFFIRMED.

ROWE and NORDBY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Matthew R. McLain of McLain Law, P.A., Longwood, for Appellant.

Ashley Moody, Attorney General, and Benjamin L. Hoffman, Assistant Attorney General, Tallahassee, for Appellee.