# Third District Court of Appeal

## State of Florida

Opinion filed December 31, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0379
Lower Tribunal No. F14-12403
_____

**Antonio Zaldivar,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Andrea R. Wolfson, Judge.

Law Offices of Michelle Walsh, P.A., and Michelle Walsh, for appellant.

James Uthmeier, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before FERNANDEZ, LINDSEY, and LOBREE, JJ.

PER CURIAM.

Antonio Zaldivar appeals the trial court's order denying in part his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We affirm.

When a defendant raises a scoresheet error pursuant to rule 3.850, "any error is harmless if the record conclusively shows that the trial court *would have imposed* the same sentence using a corrected scoresheet." Brooks v. State, 969 So. 2d 238, 241 (Fla. 2007) (emphasis in original); see also State v. Anderson, 905 So. 2d 111, 118 (Fla. 2005) ("Because it is essential for the trial court to have the benefit of a properly calculated scoresheet when deciding upon a sentence, we agree that the would-have-been-imposed standard should apply to motions filed under rule 3.850 to correct scoresheet error.").

Here, the trial court was clear that it intended to sentence Zaldivar to the bottom of the guidelines. Upon learning of the scoresheet error, the trial court resentenced Zaldivar from 204.75 months to 165.45 months—the bottom of the guidelines. Notably, the 165.45 months re-sentence *is* exactly what Zaldivar requested in his rule 3.850 motion.

Further, we reject Zaldivar's claim that the trial court's denial of his request to vacate his plea is manifest injustice. As our sister court has stated:

2

The term "manifest injustice," which has been acknowledged as an exception to procedural bars to postconviction claims in only *the rarest and most exceptional of situations*, [1] now is abused widely by postconviction litigants. Courts are routinely confronted with untimely and successive postconviction challenges, which cavalierly attempt to circumvent the bars simply by asserting "manifest injustice." *However, rule 3.850 contains no "manifest injustice" exception to the rule's time limitation* or bar against filing successive postconviction motions.

Cuffy v. State, 190 So. 3d 86, 87 (Fla. 4th DCA 2015) (emphasis added).

Accordingly, we hold that the trial court has committed no error and affirm.

Affirmed.

---

[1] In Adams v. State, we found manifest injustice applied to grant an otherwise untimely 3.850 motion. See 957 So. 2d 1183, 1186–87 (Fla. 3d DCA 2006). However, Adams was a rare and exceptional situation where the defendant was serving a life sentence for violating probation by returning merely one half hour later than required, despite his lack of temporal awareness being a documented mental deficit. See id. at 1187. That is not the case here. Zaldivar is not serving a life sentence nor claiming his failure to report back on time after furlough was a result of a mental deficit. Instead, Zaldivar was sentenced for failing to surrender and complete his prison sentence following furlough. Ultimately, he was gone for several months. Cf. id. Further, his motion, is directed at the State's actions *before* he entered his guilty plea.