# Third District Court of Appeal

## State of Florida

Opinion filed May 13, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0388
Lower Tribunal No. 96-CF-859-A-K
_____

**Kenya Ramsey,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Kenya Ramsey, in proper person.

James Uthmeier, Attorney General, for appellee.

Before SCALES, C.J., and LINDSEY, and GOODEN, JJ.

PER CURIAM.

Upon our review of the record, we find no legal basis to grant Appellant relief.  As such, we affirm.  See Garcia-Manriquez v. State, 317 So. 3d 1203, 1203 (Fla. 3d DCA 2021) (first quoting Beiro v. State, 289 So. 3d 511, 511–12 (Fla. 3d DCA 2019) ("The mere incantation of the words 'manifest injustice' does not make it so.  [Appellant] has failed to allege any facts—nor can he—to justify invoking the extremely limited concept of manifest injustice to excuse a procedural bar and allow us to review the merits of his instant claim."); and then quoting Cuffy v. State, 190 So. 3d 86, 87 (Fla. 4th DCA 2015) ("The term 'manifest injustice,' which has been acknowledged as an exception to procedural bars to postconviction claims in only the rarest and most exceptional of situations, now is abused widely by postconviction litigants. Courts are routinely confronted with untimely and successive postconviction challenges, which cavalierly attempt to circumvent the bars simply by asserting 'manifest injustice.'  However, rule 3.850 contains no 'manifest injustice' exception to the rule's time limitation or bar against filing successive postconviction motions.")).

Affirmed.