PER CURIAM.
 

 The petition for writ of habeas corpus is dismissed.
 
 See Baker v. State,
 
 878 So.2d 1236 (Fla.2004) (reiterating that ha-beas corpus cannot be used to litigate is
 
 *137
 
 sues that could have been or were raised on direct appeal or in postconviction motions).
 

 Additionally, due to petitioner’s abuse of the legal process by his repeated pro se filings attacking his conviction and sentence, this court ordered petitioner to show cause why he should not be prohibited from future pro se filings.
 
 State v. Spencer,
 
 751 So.2d 47, 48 (Fla.1999) (requiring that courts “first provide notice and an opportunity to respond before preventing [a] litigant from bringing further attacks on his conviction and sentence.”). Petitioner’s response to the show cause order does not provide a legal basis to prohibit the imposition of sanctions.
 

 As such, because it is apparent that petitioner’s continued and repeated attacks on his conviction and sentence have become an abuse of the legal process, we hold that he is barred from future pro se filings in this court concerning Escambia County Circuit Court case number 2007-CF-6067. The Clerk of the Court is directed not to accept any future filings concerning this case unless they are signed by a member in good standing of The Florida Bar.
 

 Petitioner is warned that any future filings which violate the terms of this opinion may result in a referral to the appropriate institution for disciplinary procedures as provided in section 944.279, Florida Statutes (2010) (providing that a prisoner who is found by a court to have brought a frivolous suit, action, claim, proceeding or appeal is subject to disciplinary procedures pursuant to the rules of the Department of Corrections). Fla. R. App. P. 9.410.
 

 BENTON, C.J., KAHN and WETHERELL, JJ., concur.