PER CURIAM.
Appellant, Jeffrey Jerome Walker, challenges an order striking his motion for reimbursement of filing fees and referring Appellant for disciplinary action under section 944.279, Florida Statutes (2009). We affirm, and sua sponte impose additional sanctions for Appellant’s repeated abuse of process.
On October 16, 1997, the circuit court entered an order prohibiting Appellant from filing documents on his own behalf without prepaying any fee, and directing the clerk of court to reject any document filed by Appellant not accompanied with a filing fee or signed by a member of the Florida Bar.
Since the sanction order was entered, Appellant has filed no fewer than 30 pleadings, including approximately 19 appeals or petitions in this court. The current appeal before this court stemmed from a petition for writ of habeas corpus filed pro se in 2004. The circuit court dismissed the petition because it did not meet the requirements for habeas relief and Appellant was not represented by counsel. Appellant appealed the dismissal, and a lien was placed on Appellant’s prisoner trust account for the full amount of court costs and fees because he was unable to prepay the costs. The lien was ratified by separate order. This court affirmed the dismissal per curiam.
Appellant then moved to recall the order imposing the lien, and moved for reimbursement of $77.77 that was withdrawn from his trust account to satisfy a portion of the lien. The circuit court struck Appellant’s motion and referred him to the Department of Corrections for disciplinary action for failing to comply with the 1997 sanctions order.
“It is well-settled that courts have the inherent authority and duty to limit abuses of judicial process by pro se litigants.” Golden v. Buss, 60 So.3d 461 (Fla. 1st DCA 2011); see Jackson v. Fla. Dep’t of Corr., 790 So.2d 398, 400 (Fla.2001) (noting the supreme court has inherent power to regulate and sanction a disruptive litigant); McCutcheon v. State, 44 So.3d 156, 162 (Fla. 4th DCA 2010) (concluding appellant’s appeals were frivolous, malicious, and not filed in good faith; forwarding opinion to the DOC for consideration of disciplinary procedures).
Appellant’s disregard for the judicial process is well documented. We find that Appellant’s continued practice of filing pro se pleadings in violation of the circuit court’s sanction order to be frivolous. Accordingly, we direct the clerk of this court to forward a copy of this opinion to the appropriate institution for consideration of disciplinary procedures. § 944.279(1), Fla. Stat.
AFFIRMED.
WOLF, THOMAS, and CLARK, JJ., Concur.