PER CURIAM.
Appellant, Sidney Marts, appeals an order dismissing a civil complaint related to his judgment and sentence in Escambia County Circuit Court case number 2007-CF-6067. We affirm the trial court’s order without further discussion, and pursuant to section 944.279, Florida Statutes (2010), and Florida Rule of Appellate Procedure 9.410, refer Marts to the Department of Corrections for disciplinary procedures.
“It is well-settled that courts have the inherent authority and duty to limit abuses of judicial process by pro se litigants.” Walker v. Fla. Parole Comm’n, 70 So.3d 665 (Fla. 1st DCA 2011) (quoting Golden v. Buss, 60 So.3d 461 (Fla. 1st DCA 2011)); see also Jackson v. Fla. Dep’t of Corr., 790 So.2d 398, 400 (Fla.2001) (noting the supreme court has inherent power to regulate and sanction a disruptive litigant); McCutcheon v. State, 44 So.3d 156, 162 (Fla. 4th DCA 2010) (concluding appellant’s appeals were frivolous, malicious, and not filed in good faith; forwarding opinion to the DOC for consideration of disciplinary procedures).
Marts’ disregard for the judicial process is well documented. The First District Court of Appeal’s case management system shows that Marts has filed over 20 pro se cases related to Escambia County Circuit Court case number 2007-CF-6067. In a prior case filed by Marts, Marts v. State, 59 So.3d 136, 137 (Fla. 1st DCA 2011), this court held that Marts is “barred from future pro se filings in this court” concerning his judgment and sentence in Escambia County Circuit Court case number 2007-CF-6067. There, the court warned Marts that additional filings in this court in violation of that opinion could result in disciplinary action:
Petitioner is warned that any future filings which violate the terms of this opinion may result in a referral to the appropriate institution for disciplinary procedures as provided in section *981 944.279, Florida Statutes (2010) (providing that a prisoner who is found by a court to have brought a frivolous suit, action, claim, proceeding or appeal is subject to disciplinary procedures pursuant to the rules of the Department of Corrections). Fla. R.App. P. 9.410.
Id. at 137.
Marts’ pro se appeal in this case is in violation of this court’s prior order. We find that Marts’ continued practice of filing pro se pleadings in violation of this court’s order to be frivolous. Accordingly, we direct the clerk of this court to forward a copy of this opinion to the appropriate institution for consideration of disciplinary procedures. § 944.279(1), Fla. Stat.
AFFIRMED.
ROBERTS, WETHERELL, and ROWE, JJ., concur.