PER CURIAM.
Donald Williams, an inmate in state custody, filed a pro se petition for writ of habeas corpus with this Court challenging his convictions and sentences in State v. Williams, Case No. F02-37491B.[1] By order dated August 28, 2013, we dismissed Williams’ petition. Williams v. Crews, 123 So.3d 562 (Fla.2013) (table decision).[2] Concurrent with the dismissal of Williams’ petition, we expressly retained jurisdiction to pursue possible sanctions against Williams. Id.; see Fla. R.App. P. 9.410(a) (Sanctions; Court’s Motion).
Williams was convicted of five counts of kidnapping, five counts of robbery, two counts of aggravated battery, one count of burglary, and one count of possession of a firearm by a convicted felon. In 2005, the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, sentenced Williams to a fifteen-year term on the possession of a firearm by a convicted felon count, to a thirty-year term on each of the aggravated battery counts, and to life in prison on each of the remaining counts. The Third District Court of Appeal affirmed Williams’ convictions and sentences in a per curiam opinion dated October 18, 2006. Williams v. State, 941 So.2d 386 (Fla. 3d DCA 2006) (table decision). After his convictions and sentences became final, Williams filed numerous pro se filings in this and other courts. Williams’ substantial filing history in the courts below has resulted in him being barred from filing any further pro se filings in both the circuit court and the district court. Williams v. State, 106 So.3d 964 (Fla. 3d DCA 2013); Order Prohibiting the Defendant From Filing Any Further Postconviction Motions Without the Approval and Signature of an Attorney Licensed in the State of Florida, State v. Williams, No. F02-37491B (Fla. 11th Cir. Ct. Apr. 7, 2009).
Because Williams’ petition in this case contained false information[3] and because Williams has filed eleven extraordinary writ petitions with this Court since 2012,[4] *1121 this Court issued an order directing Williams to show cause why he should not be prohibited from filing any further pro se filings related to case number F02-37491B.[5] This Court also directed Williams to show cause why, pursuant to section 944.279(1), Florida Statutes, a certified copy of this Court’s findings should not be forwarded to the appropriate institution for disciplinary procedures pursuant to the rules of the Florida Department of Corrections. In response to the order to show cause, Williams argued that sanctions should not be imposed against him because this Court has failed to correct the manifest injustice that he believes has occurred in his case. Williams explained that his pattern of filing numerous extraordinary writ petitions in this Court is the result of this Court failing to analyze the merits of his claims, being “opinionated,” and being manipulated by the Attorney General’s Office.
Upon due consideration of Williams’ response, we find that his arguments are without merit and that he has failed to show cause why sanctions should not be imposed. After reviewing Williams’ pro se filings, we find that each proceeding initiated by Williams was either devoid of merit or inappropriate for review in this Court. Williams’ response shows no remorse about providing this Court with false information and misusing its limited judicial resources.[6] We conclude that, unless he is stopped, Williams will continue to file mer-itless and misleading requests for relief in this Court regarding his convictions or sentences.
Accordingly, we find that the petition filed by Donald Williams in this case contained false information and is a frivolous proceeding brought before this Court by a state prisoner. See § 944.279(1), Fla. Stat. (2013). Consistent with section 944.279(1), Florida Statutes (2013), we direct the Clerk of this Court to forward a certified copy of this opinion to the Florida Department of Corrections’ institution or facility where Williams is incarcerated. See Steele v. State, 14 So.3d 221, 224 (Fla.2009). We also direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Donald Williams that are related to his convictions or sentences in Case No. F02-37491B unless such filings are signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Williams may only petition the Court about his convictions or sentences in Case No. F02-37491B through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.

. See Pettway v. State, 776 So.2d 930, 931 (Fla.2000) (stating that the Court generally will not consider the repetitive petitions of persons who have abused the judicial processes of the lower courts such that they have been barred from filing certain actions there).

. In his statement of case and facts Williams affirmatively asserted that "[pjetitioner is not prohibited for filing any pro se motion in the 11th Judicial Circuit Court without a licensed attorney, nor would the 11th Judicial Circuit Court accept jurisdiction of no motion to transfer to its court.” Yet, contrary to his assertion, the circuit court entered an order on April 7, 2009, prohibiting Williams from filing any future pro se requests for post-conviction relief. Order Prohibiting the Defendant From Filing Any Further Postconviction Motions Without the Approval and Signature of an Attorney Licensed in the State of Florida, State v. Williams, No. F02-37491B (Fla. 11th Cir.Ct. Apr. 7, 2009). The Third District affirmed the circuit court's order. Williams v. State, 13 So.3d 483 (Fla. 3d DCA 2009) (table decision).

.See Williams v. Crews, Case No. SC13-1564, 132 So.3d 223 (Fla. Dec. 27, 2013) (habeas corpus petition dismissed as unauthorized); Williams v. Crews, Case No. SC13-1140, 131 So.3d 791 (Fla. Dec. 11, 2013) (habeas corpus petition dismissed as unauthorized); Williams v. State, 114 So.3d 938 (Fla.2013) (table decision) (mandamus petition denied); Williams v. State, 114 So.3d 938 (Fla.2013) (table decision) (mandamus petition dismissed); Williams v. State, 103 So.3d 144 (Fla.2012) (table decision) (mandamus petition dismissed as moot); Williams v. State, Case No. SC12-976 (Fla. June 25, 2012) (mandamus petition transferred to the district court); Williams v. State, Case No. SC12-974 (Fla. June 15, 2012) (mandamus petition transferred to the circuit court); Williams v. Tucker, 103 So.3d 144 (Fla.2012) (table decision) (habeas corpus petition dismissed as unauthorized); Williams v. Tucker, 90 So.3d 274 (Fla. *1121 2012) (table decision) (habeas corpus petition dismissed as unauthorized): Williams v. State, 92 So.3d 215 (Fla.2012) (table decision) (mandamus petition denied without prejudice).

. See State v. Spencer, 751 So.2d 47, 48-49 (Fla.1999) (stating that prior to the imposition of sanctions, a court must afford the litigant a meaningful opportunity to show cause why the sanctions are inappropriate).

. The United States Supreme Court has stated that "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution’s limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.” In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989).