IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NATHANIEL BROWN,

     Appellant,

v.

JULIE L. JONES, SECRETARY,
FLORIDA DEPARTMENT OF
CORRECTIONS,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4480

Opinion filed June 6, 2017.

An appeal from the Circuit Court for Leon County.
James O. Shelfer, Judge.

Nathaniel Brown, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Holly N. Simcox, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     Nathaniel Brown appeals the final order denying his petition for writ of mandamus, entered on September 9, 2016 by the circuit court in <u>Brown v. Florida Department of Corrections</u>, Case No. 2016 CA 000708 (2d Cir., Leon Cnty.).

Because Mr. Brown fails to demonstrate that the circuit court abused its discretion in denying the extraordinary relief, the order is affirmed. Rosado v. State, 1 So. 3d 1147, 1148 (Fla. 4th DCA 2009) ("An appellate court reviews a trial court's decision on a petition for writ of mandamus under the abuse of discretion standard of review."); see also Topps v. State, 865 So. 2d 1253, 1257 (Fla. 2004) ("Since the nature of an extraordinary writ is not of absolute right, the granting of such writ lies within the discretion of the court.").

We note that based on his numerous, repetitive appeals to this court from the trial court's denials of postconviction relief after his judgment and sentence were affirmed, Mr. Brown was sanctioned by this court in Brown v. State, 35 So. 3d 72 (Fla. 1st DCA 2010). Mr. Brown was prohibited from filing "any future appeals, petitions, motions, pleadings, or filings" challenging his judgment and sentence in case number 2005 CF 001831 (4th Cir., Duval Cnty.), unless such filings were signed by a member of the Florida Bar.

Subsequently, Mr. Brown embarked on a course of filing civil actions for extraordinary writs, directed towards the Florida Department of Corrections and the State of Florida. None of his appeals of the denials of these complaints and petitions were successful in this court. In Brown v. State, 186 So. 3d 625 (Fla. 1st DCA 2016), this court denied Mr. Brown's petition for writ of prohibition on the merits and warned him that future frivolous or successive filings in the court "may

2

result in the imposition of sanctions against him," including additional limitations on his ability to file pro se appeals and petitions in this court.

In light of Appellant's active litigation record in this and the circuit courts of this state, and of this court's existing sanctions against and warning to Mr. Brown, in addition to affirming the order on appeal, we expressly retain jurisdiction to pursue any additional sanctions against him pursuant to rule 9.410, Florida Rules of Appellate Procedure and section 944.279, Florida Statutes. See Steele v. State, 998 So. 2d 1146 (Fla. 2008); Walker v. Fla. Parole Comm'n, 70 So. 3d 665 (Fla. 1st DCA 2011).

WOLF, RAY, and BILBREY, JJ., CONCUR.