IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NATHANIEL BROWN,

     Appellant,

v.

JULIE L. JONES, SECRETARY,
FLORIDA DEPARTMENT OF
CORRECTIONS,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4480

Opinion filed July 11, 2017.

An appeal from the Circuit Court for Leon County.
James O. Shelfer, Judge.

Nathaniel Brown, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Holly N. Simcox, Assistant Attorney General, Tallahassee, for Appellee.

ORDER IMPOSING SANCTIONS

PER CURIAM.

     Nathaniel Brown appealed the final order denying his petition for writ of mandamus, entered on September 9, 2016, by the circuit court in Brown v. Florida Department of Corrections, Case No. 2016 CA 000708 (2d Cir., Leon Cnty.). In

Brown v. Jones, 42 Fla. L. Weekly D1300b (Fla. 1st DCA June 6, 2017), we affirmed the circuit court's order. In light of Mr. Brown's litigious history in this Court, the previous sanctions imposed by Brown v. State, 35 So. 3d 72 (Fla. 1st DCA 2010), and the warning regarding his subsequent litigation in Brown v. State, 186 So. 3d 625 (Fla. 1st DCA 2016), we retained jurisdiction to pursue any additional sanctions against him pursuant to rule 9.410, Florida Rules of Appellate Procedure and section 944.279, Florida Statutes. See Steele v. State, 998 So. 2d 1146 (Fla. 2008); Walker v. Fla. Parole Comm'n, 70 So. 3d 665 (Fla. 1st DCA 2011).

Upon this Court's order to show cause why additional sanctions should not be imposed, Mr. Brown responded that his civil litigation and appeals should not be considered together with his criminal appeals and postconviction filings in the analysis of whether his filings were so frivolous and numerous that they amounted to abuse of the court process. This response does nothing to refute the "'strong inference that unless he is stopped, [he] will continue filing nonmeritorious requests for relief in this Court.'" Johnson v. Rundle, 59 So. 3d 1080, 1082 (Fla. 2011) (quoting Pettway v. McNeil, 987 So. 2d 20, 22 (Fla. 2008)); see also Williams v. Crews, 136 So. 3d 1119 (Fla. 2014).

Accordingly, in addition to the sanctions already imposed upon Mr. Brown's ability to challenge his convictions and sentences pro se, we hereby direct the

Clerk to reject for filing any further appeals, petitions, motions, documents, or other papers unless such filings are signed by a member in good standing with The Florida Bar.  See Martin v. State, 833 So. 2d 756 (Fla. 2002); Jackson v. Fla. Dep't of Corr., 790 So. 2d 398 (Fla. 2001).  Mr. Brown is again warned that violation of this order could result in referral to the Department of Corrections for sanctions under section 944.279, Florida Statutes.

It is so ordered.

WOLF, RAY, and BILBREY, JJ., CONCUR.